```
 1  FOLEY & LARDNER LLP
    ONE MARITIME PLAZA, 6TH FLOOR
    SAN FRANCISCO, CA 94111-3409
 2  TELEPHONE: (415) 434-4484
    FACSIMILE: (415) 434-4507
 3
    NANCY J. GEENEN, BAR NO. 135968
    ngeenen@foley.com
 4  DAVID B. MOYER, BAR NO. 197739
    dmoyer@foley.com
 5
    FOLEY & LARDNER LLP
    777 EAST WISCONSIN AVENUE, SUITE. 3800
 6  MILWAUKEE, WI 53202-5306
    TELEPHONE: (414) 271-2400
    FACSIMILE: (414) 297-4900
 7
    RICHARD S. FLORSHEIM, (PRO HAC VICE)
    rflorsheim@foley.com
 8  BRIAN P. AKERS, (PRO HAC VICE)
    bakers@foley.com
 9
    ATTORNEYS FOR PLAINTIFFS, MEDTRONIC
    VASCULAR, INC.; MEDTRONIC USA, INC.;
10  MEDTRONIC, INC. AND MEDTRONIC VASCULAR
    GALWAY, LTD.
11
    KATTEN MUCHIN ROSENMAN LLP
    525 WEST MONROE STREET
12  CHICAGO, IL 60661-3693
    TELEPHONE: (312) 902-5200
    FACSIMILE: (312) 902-1061
13
    TIMOTHY J. VEZEAU (PRO HAC VICE)
    timothy.vezeau@kattenlaw.com
14  MICHAEL A. DORFMAN (PRO HAC VICE)
    michael.dorfman@kattenlaw.com
15
    KEKER & VAN NEST LLP
    710 SANSOME STREET
16  SAN FRANCISCO, CA 94111
    TEL: (415) 391-5400; FAX: (415) 397-7188
    ROBERT A. VAN NEST, BAR NO. 84065
17  rvannest@kvn.com
    LEO L. LAM, BAR NO. 181861
    llam@kvn.com
18
    ATTORNEYS FOR PLAINTFF, EVYSIO
19  MEDICAL DEVICES ULC

20  MCANDREWS, HELD & MALLOY, LTD.
    500 WEST MADISON STREET, 34TH FLOOR
    CHICAGO, ILLINOIS 60661
21  TEL: (312) 775-8000; FAX: (312) 775-8100
    EDWARD A. MAS II (PRO HAC VICE)
22  emas@mhmlaw.com
    JAMES M. HAFERTEPE (PRO HAC VICE)
    jhafertepe@mhmlaw.com
23  MERLE S. ELLIOTT (PRO HAC VICE)
    melliott@mhmlaw.com

24  FINNEGAN, HENDERSON, FARABOW,
       GARRETT & DUNNER, LLP
    901 NEW YORK AVENUE, N.W.
25  WASHINGTON, D.C. 20001-4413
    TELL (202) 408-4000; FAX: (202) 408-4400
26  J. MICHAEL JAKES (PRO HAC VICE)
    Mike.jakes@finnegan.com
    CHRISTINE E. LEHMAN (PRO HAC VICE)
27  christine.lehmen@finnegan.com
    MICHAEL A. MORIN (PRO HAC VICE)
    michael.morin@finnegan.com
28
```

STIPULATION AND [PROPOSED]
STIPULATED PROTECTIVE ORDER
CASE NO. C-06-1066 (PJH)

MILW_21148193.1

**FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, LLP**
STANFORD RESEARCH PARK, 3300 HILLVIEW AVE.
PALO ALTO, CA., 94304-1203
TEL.: (650) 849-6600; FAX: (650) 849-6666
ROBERT F. MCCAULEY III (STATE BAR NO. 162056)
robert.mccauley@finnegan.com
LILY LIM (STATE BAR NO. 214536)
Lily.lim@finnegan.com

ATTTORNEYS FOR DEFENDANTS ADVANCED CARDIOVASCULAR SYSTEMS, INC., ABBOTT LABORATORIES, AND ABBOTT XYZ CORPORATION

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEDTRONIC VASCULAR, INC., MEDTRONIC USA, INC., MEDTRONIC, INC., MEDTRONIC VASCULAR GALWAY, LTD., and EVYSIO MEDICAL DEVICES ULC,<br><br>Plaintiffs,<br><br>v.<br><br>ADVANCED CARDIOVASCULAR SYSTEMS, INC. ABBOTT LABORATORIES, and ABBOTT XYZ CORPORATION,<br><br>Defendants.<br><br><u>AND RELATED COUNTERCLAIMS.</u> | Case No. 06-1066 PJH<br><br>**STIPULATED PROTECTIVE ORDER** |

WHEREAS, each of the parties to the above captioned actions (the "Action"), Plaintiffs Medtronic Vascular, Inc., Medtronic USA, Inc., Medtronic, Inc., Medtronic Vascular Galway, Ltd., and Evysio Medical Devices ULC ("Plaintiffs"), and Defendants Advanced Cardiovascular Systems, Inc., Abbott Laboratories, and Abbott XYZ Corporation ("Defendants") may seek discovery, documents, electronically stored information (subject to the parties' separate agreement relating to discovery of electronically stored information) and things which may contain or relate to confidential, proprietary or trade secret information of another party or of a third party;

IT IS HEREBY ORDERED that the following Protective Order be entered in this Action:

1.  "Confidential Information" shall mean and include any document, electronically stored information, thing, deposition testimony, interrogatory answers, responses to requests for

admissions and/or production, or other information provided in discovery in these Actions ("Discovery Material"), which contains non-public, confidential or proprietary information, whether personal or business-related. Certain limited types of "Confidential Information" may be further designated, as defined and detailed below, as "Highly Confidential" or as "Outside Counsel Eyes Only." The "Highly Confidential" designation shall be reserved for Confidential Information that constitutes, reflects, or concerns trade secrets, know-how or proprietary data, business, financial or commercial information, the disclosure of which is likely to cause harm to the competitive position of the party making the confidential designations on Discovery Materials ("the Designating Party"). The "Outside Counsel Eyes Only" designation shall be reserved for non-published, pending patent application materials and for current research and development materials. For this purpose, current research and development materials shall mean Discovery Materials that relate to products under development and not yet commercially released. All such Confidential, Highly Confidential, or Outside Counsel Eyes Only designations shall be made in good faith by the Designating Party and made at the time of disclosure, production, or tender to the party receiving the same ("Receiving Party"), or at such other time as permitted by this Protective Order, provided that the inadvertent failure to so designate does not constitute a waiver of such claim, and a party may so designate Discovery Material after such Discovery Material has been produced, with the effect that such Discovery Material is thereafter subject to the protections of this Protective Order. A designation of Highly Confidential and Outside Counsel Eyes Only shall constitute a representation that such Discovery Material has been reviewed by an attorney for the Designating Party and that there is a valid basis for such designation. Nothing in this Protective Order shall be deemed an admission by either side as to the information that is properly discoverable in this Action.

2.   The designation of Discovery Materials in the form of documents, responses to admissions and interrogatories, or other tangible materials (including without limitation CD-ROM's, or any other medium containing electronically stored information) other than depositions or other pretrial testimony as Confidential Information, Highly Confidential Information, or Outside Counsel Eyes Only Information shall be made by the Designating Party in the following manner:

     a.    Discovery Material designated "Confidential" shall be so marked by conspicuously affixing the legend "CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER" or similar designation on each page containing any Confidential Information (or in the case of any medium containing electronically stored information, on the medium and its label and/or cover) to which the designation applies. Such designated Discovery Materials shall be identified by Bates number. To the extent practical, the Confidential legend shall be placed near the Bates number.

     b.    Discovery Material designated "Highly Confidential" shall be so marked by conspicuously affixing the legend "HIGHLY CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER" or similar designation on each page containing any Highly Confidential Information (or in the case of any medium containing electronically stored information, on the medium on its label and/or cover) to which the designation applies. Such designated Discovery Materials shall be identified by Bates number. To the extent practical, the Highly Confidential legend shall be placed near the Bates number.

     c.    Discovery Material designated "Outside Counsel Eyes Only" shall be so marked by conspicuously affixing the legend "OUTSIDE COUNSEL EYES ONLY" or similar designation on each page containing any Outside Counsel Eyes Only Information (or in the case of any medium containing electronically stored information, on the medium and its label and/or cover) to which the designation applies. Such designated Discovery Material shall be identified by Bates number. To the extent practical, the Outside Counsel Eyes Only legend shall be placed near the Bates number.

     d.    If a document has more than one designation, the more restrictive or higher confidential designation applies.

3.    Confidential Information, Highly Confidential Information, and Outside Counsel Eyes Only Information shall not include any Discovery Materials which:

     a.    Have been or become lawfully in the possession of the Receiving Party through communications other than production or disclosure in this Action, or in other litigation, for example, as a result of legitimate business dealings between the parties, unless those documents are covered by a separate non-disclosure or confidentiality agreement, in which case the Receiving Party

1  may continue to use such Discovery Materials in the course of its business subject to those
2  agreements; or
3         b.   Have been or become part of the public domain by publication or otherwise
4  and not due to any unauthorized act or omission on the part of the Receiving Party or any of its
5  authorized representatives or designees under this Protective Order. Nothing herein shall impose
6  any restriction on the use or disclosure by a party of its own Discovery Materials or information.
7  4.   Subject to paragraphs 5, 6, and 7 of this Protective Order, "Qualified Persons" having access
8  to Discovery Material designated "Confidential Information" under this Protective Order, in this
9  Action are:
10         a.   "Outside Counsel" (attorneys employed by the firms of record as representing
11  any party in connection with this Action, and their employees and staff), as long as such person is
12  informed of the existence and contents of this stipulation and protective order before such person is
13  permitted access to any information or Discovery Materials designated "Confidential Information,"
14  "Highly Confidential Information" or "Outside Counsel Eyes Only".
15         b.   For each party, a total of eight in-house employees per side, including in-
16  house attorneys if desired, whose names are listed below and who have responsibility for
17  maintaining, defending or evaluating this litigation. The approved in-house employees are as
18  follows:

|  | Plaintiffs | Defendants |
|---|---|---|
| Name<br>Title |  |  |
| Name<br>Title |  |  |
| Name<br>Title |  |  |
| Name<br>Title |  |  |
| Name<br>Title |  |  |
| Name<br>Title |  |  |

| Name<br>Title | | |
|---|---|---|

The parties may identify additional in-house employees for inclusion on this list (up to eight (8) employees per side, as provided above) following execution of this Protective Order by providing written notice of the names of the additional in-house employees to the other party pursuant to Paragraph 7. The parties to this Action may substitute in-house employees for good cause shown.

   c. Retained independent consultants, vendors or experts for the parties, including jury consultants and mock jurors retained by such consultants (as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials) who are not current employees of any party to this litigation, any company related to a party to this litigation, or any direct competitor of any party to this litigation;

   d. The Court, Court personnel and stenographic and video reporters engaged in proceedings incident to these Actions; and

   e. Outside document copying services and/or document coding or computerization services. Notwithstanding any other provision of this Protective Order, access to Confidential, Highly Confidential, and Outside Counsel Eyes Only documents shall be permitted to such vendors, without need for the completion of Exhibit A or the execution of Exhibit B. For purposes of this paragraph 4(e), "document" refers to paper documents, electronically stored information, including but not limited to video tapes, CD-ROMs, computer discs, and other similar media, but excludes models or similar physical renderings of stents, coronary dilatation catheters, or other products of the parties. The outside counsel providing Confidential, Highly Confidential, or Outside Counsel Eyes Only Discovery Materials to outside document copying services or document coding or computerization services shall be responsible for that service's compliance with the provisions of this Protective Order;

  5. Any Highly Confidential Information designated under this Protective Order shall be treated the same as Confidential Information, with the following exceptions:

   a. There shall be no access by Qualified Persons pursuant to paragraph 4(b) to Highly Confidential Information, except that, for each party, six (6) in-house attorneys per side

employed in the patent or legal department of the party whose names are listed below and who are also listed in paragraph 4(b), and who have complied with the provisions of paragraph 6, may have access to Discovery Materials designated as Highly Confidential:

|      | Plaintiffs | Defendants |
|------|------------|------------|
| Name |            |            |
| Name |            |            |
| Name |            |            |
| Name |            |            |
| Name |            |            |
| Name |            |            |

Each party may identify additional in-house attorneys for inclusion on this list (up to six (6) in-house attorneys per side, as provided above) following execution of this Protective Order by providing written notice of the names of the additional in-house attorneys to the other party pursuant to Paragraph 7. The parties to this Action may substitute in-house attorneys for good cause shown.

b.      Access by Qualified Persons pursuant to paragraph 4(c) of this Protective Order shall be restricted to the retained independent consultants, vendors, or experts for each party and the staff, stenographic, and clerical employees of each such consultant, vendor or expert, whose duties and responsibilities require access to Discovery Material designated as Highly Confidential, and who have complied with the provisions of paragraph 7.

6.      Any Outside Counsel Eyes Only Information designated under this Protective Order shall be treated the same as Confidential, with the following exceptions:

a.      There shall be no access by Qualified Persons pursuant to paragraph 4(b) to Outside Counsel Eyes Only Information.

b.      No attorney of outside counsel firms identified in paragraph 4(a) who receives Outside Counsel Eyes Only Information shall prosecute any patent applications for the Receiving Party related to stent or coronary dilatation catheter technology during the pendency of these consolidated cases and for one year after the conclusion of such litigation, not including appeals.

1  This restriction shall not apply to attorneys who receive only Confidential or Highly Confidential
2  Information.
3          c.     Access by Qualified Persons pursuant to paragraph 4(c) of this Protective
4  Order shall be restricted to the retained independent consultants, vendors, or experts for each party,
5  and the staff, stenographic, and clerical employees of each such consultant, vendor or expert, whose
6  duties and responsibilities require access to Discovery Material designated as Outside Counsel Eyes
7  Only, and who have complied with the provisions of paragraph 7.
8      7.     Qualified Persons defined in paragraphs 4(b) and 4(c) shall be allowed access to
9  Confidential Information, Highly Confidential Information, or Outside Counsel Eyes Only
10 Information, as limited by paragraphs 5 and 6 of this Protective Order, only after complying with the
11 following procedure:
12         a.     Each party shall prepare a written list, in a form similar to Exhibit A hereto,
13 setting forth the name of the person, his or her occupation, and business address, for each person
14 described in paragraphs 4(b) and 4(c) who reviews or is given access to Confidential Information,
15 Highly Confidential Information, or Outside Counsel Eyes Only Information.  Support staff,
16 stenographic and clerical employees of retained consultants, vendors and experts, and mock jurors
17 retained by jury consultants need not be listed.  The parties to this Action shall be allowed to
18 disclose Confidential Information, Highly Confidential Information, or Outside Counsel Eyes Only
19 Information to such persons unless, within seven (7) business days after the identity of the person
20 (and, for paragraph 4(c), a curriculum vitae of the retained person) has been provided to the
21 Designating Party, the Designating Party objects to the disclosure of Confidential Information,
22 Highly Confidential Information, or Outside Counsel Eyes Only Information to the particular person.
23 If objection to disclosure is made within the seven (7) business days, the objecting party shall, no
24 later than five (5) business days after objection, petition the Court for an order prohibiting the
25 disclosure at issue.  The objecting party shall have the burden of persuasion that disclosure should
26 not be made.  If an objection is made, no Confidential Information, Highly Confidential Information,
27 or Outside Counsel Eyes Only Information shall be made available to the particular person until after
28 the Court rules that disclosure can be made, so long as the objection is followed by a timely petition.

This objection procedure does not apply to the approved individuals already listed in paragraphs 4(b) and 5(a).

   b.   Before receiving any Confidential Information, Highly Confidential Information, or Outside Counsel Eyes Only Information, the person shall be furnished with a copy of this Protective Order and shall acknowledge, by executing the acknowledgment form attached hereto as Exhibit B, that he or she has read this Protective Order, understands it, and agrees to be bound by it, and also expressly consents to the jurisdiction of this Court in connection with any proceeding or hearing relating to the enforcement of this Protective Order.  In-house attorneys, who are authorized to receive Confidential Information or Highly Confidential Information, shall not be required to execute the acknowledgment form, but shall otherwise be bound by its terms.

   c.   Outside counsel for the Receiving Party shall retain a copy of each such written list (Exhibit A) and acknowledgment form (Exhibit B), and shall serve opposing counsel with a copy of such upon request and thereafter upon revision of such documents.

   8.   Confidential Information, Highly Confidential Information, and Outside Counsel Eyes Only Information and the substance or content thereof, including any notes, memoranda or other similar documents or electronically stored information relating thereto, shall be used by a Receiving Party and its authorized representative or designees under this Protective Order solely for the purpose of this Action and any appeals therefrom and shall not be made available, or disclosed, or summarized to any persons, including the parties, other than as permitted by paragraphs 4-7 of this Protective Order.  Confidential Information, Highly Confidential Information, and Outside Counsel Eyes Only Information shall be maintained by the Receiving Party under the overall supervision of outside counsel.

   9.   Any person in possession of Confidential Information, Highly Confidential Information, or Outside Counsel Eyes Only Information shall exercise reasonably appropriate care with regard to the storage, custody or use of such Confidential Information, Highly Confidential Information, or Outside Counsel Eyes Only Information in order to ensure that the confidential or highly confidential nature of the same is maintained.

10. If Confidential Information, Highly Confidential Information, or Outside Counsel Eyes Only Information is disclosed to anyone other than in a manner authorized by this Protective Order, the party responsible for such disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of the Designating Party of the Confidential Information, Highly Confidential Information, or Outside Counsel Eyes Only Information and make every reasonable effort to retrieve such Confidential, Highly Confidential, or Outside Counsel Eyes Only Information and to prevent further disclosure.

11. When Confidential Information, Highly Confidential Information, or Outside Counsel Eyes Only Information is discussed, quoted or referred to in any deposition, the disclosing party shall ensure that only persons permitted by paragraphs 4-7 of this Protective Order to have access to such Information are present. The use of any such Confidential, Highly Confidential, or Outside Counsel Eyes Only Information for the purpose of any hearing or trial which is open to the public is not addressed at this time, but will be the subject of future agreements or orders as the need may arise.

12. During the course of preparing for a deposition or testimony, the deponent/witness may be shown Confidential Information, Highly Confidential Information, or Outside Counsel Eyes Only Information from another party's documents strictly limited to those documents which on their face reveal that they were authored or received in the normal course of business by the deponent/witness. Use of Confidential Information, Highly Confidential Information, or Outside Counsel Eyes Only Information during a deposition shall be subject to compliance with this Order.

13. Any deposition transcript containing Confidential Information, Highly Confidential Information, or Outside Counsel Eyes Only Information shall be marked on the cover as "CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER," "HIGHLY CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER," or "OUTSIDE COUNSEL EYES ONLY PURSUANT TO PROTECTIVE ORDER," as appropriate, and shall indicate as appropriate within the transcript what information has been so designated. Whenever possible, the stenographic reporter shall be requested prior to the deposition (where the attorneys have reason to believe the testimony will contain Confidential, Highly Confidential or Outside Counsel Eyes Only Information) or when the

Confidential Information, Highly Confidential, or Outside Counsel Eyes Only Information is disclosed (when not previously anticipated) to separate those portions of the transcript containing confidential information and separately bind it from the non-confidential portions. A party, however, may designate any portion or all (if appropriate) of the transcript as containing Confidential Information, Highly Confidential Information, or Outside Counsel Eyes Only Information by so advising, with reasonable precision as to the affected testimony, the deposition reporter, who shall accordingly indicate in the deposition transcript what portion(s) of the testimony (or exhibits thereto) were so designated, or by so advising all other parties in writing, and with page and line designations, within thirty (30) business days after receipt of the transcript. Until thirty (30) business days have passed after the receipt of any transcript, that entire transcript shall be deemed to be Highly Confidential. In the event of disagreement about the Confidential status of a deposition transcript, it shall continue to be treated as "Highly Confidential," or "Confidential;" or "Outside Counsel Eyes Only," whichever protection is being sought, until this Court rules otherwise.

14. Any pleading, paper or other document filed in this Action which contains or discloses Confidential Information, Highly Confidential Information, or Outside Counsel Eyes Only Information shall be lodged with the Court in accordance with Civil Local Rule 79-5.

15. Any Outside Counsel Eyes Only Information which is included by the Designating Party in any pleading, paper or other document filed in Court (other than in the context of a challenge to the Outside Counsel Eyes Only designation under paragraph 17 of this Protective Order), or which is disclosed by the Designating Party to persons not otherwise qualified to have access to such information under this Protective Order, shall automatically lose the protections of the Outside Counsel Eyes Only designation and shall thereafter be treated as Highly Confidential Information.

16. Entering into, agreeing to and/or producing or receiving Confidential Information, Highly Confidential Information, or Outside Counsel Eyes Only Information or otherwise complying with the terms of this Protective Order shall not:

    a. Operate as an admission by any party that any Discovery Material designated as Confidential Information, Highly Confidential Information, or Outside Counsel Eyes Only

Information contains or reflects trade secrets or any other type of confidential or proprietary information entitled to protection under applicable law;

   b. Prejudice in any way the rights of any party to object to the production of documents, electronically stored information and things it considers not subject to discovery, or operate as an admission by any party that the restrictions and procedures set forth herein constitute adequate protection for any particular information deemed by any party to be Confidential Information, Highly Confidential Information, or Outside Counsel Eyes Only Information;

   c. Prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony or the evidence subject to this Protective Order;

   d. Prejudice in any way the rights of any party to seek a determination by the Court whether any Discovery Material or Confidential Information, Highly Confidential Information, or Outside Counsel Eyes Only Information should be subject to the terms of this Protective Order;

   e. Prejudice in any way the rights of any party to petition the Court for a further protective order relating to any purportedly Confidential Information, Highly Confidential Information, or Outside Counsel Eyes Only Information;

   f. Prejudice in any way the rights of any party to petition the Court for permission to disclose or use particular Confidential Information, Highly Confidential Information, or Outside Counsel Eyes Only Information more broadly than would otherwise be permitted by the terms of this Protective Order; or

   g. Prevent any party from agreeing to alter or waive the provisions or protections provided for herein with respect to any particular Discovery Material designated as Confidential Information, Highly Confidential Information, or Outside Counsel Eyes Only Information by that party.

  17. The signing of this Protective Order or failure of a party, at the time it receives Discovery Materials designated as Confidential Information, Highly Confidential Information, or Outside Counsel Eyes Only Information, to challenge or object to the Confidential, Highly

Confidential, or Outside Counsel Eyes Only Information designations shall not be deemed a waiver of its right to challenge or object to the Confidential, Highly Confidential, or Outside Counsel Eyes Only Information designations at any later time.  Any party may at any time challenge the designation of any Discovery Materials as Confidential, Highly Confidential, or Outside Counsel Eyes Only Information and may request permission to use or disclose information with Confidential, Highly Confidential, or Outside Counsel Eyes Only designations other than as permitted, pursuant to this paragraph by serving (by facsimile transmission) a written request upon counsel for the producing party at least ten (10) business days before the date of the proposed disclosure and by providing telephonic notice of such request on the same date as the facsimile is transmitted.  Such request shall specifically identify the Confidential Information, Highly Confidential Information, or Outside Counsel Eyes Only Information, including Bates label, sought to be disclosed and the name, title and function of the person to whom disclosure is desired to be made.  The Designating Party shall thereafter respond to the request in writing within ten (10) business days after receipt of same.  Absent good cause shown, a failure to respond within such time shall constitute consent to the request.  If, where consent has been withheld, the parties are subsequently unable to agree on the terms and conditions of disclosure, the matter may be submitted to the Court for resolution by the party seeking disclosure.  Disclosure shall be postponed until a ruling has been obtained from the Court.

18.    Notwithstanding any default provisions of this Protective Order providing for confidential treatment, in the event of disagreement, the party asserting confidentiality shall have the burden of proving that the information at issue is entitled to the protection of this Protective Order.

19.    All provisions of this Protective Order restricting the use of information obtained during discovery shall continue to be binding on the parties and all persons who have received information under this Protective Order, after the conclusion of this Action, including all appeals, until further Order of the Court, unless the parties agree otherwise in writing.  Any and all originals and copies of Discovery Materials designated Confidential, Highly Confidential, or Outside Counsel Eyes Only, shall, at the request of the producing party, be returned to the party within sixty (60) days after a final judgment herein or settlement of this Action, or, at the option of the producing party,

destroyed in that time frame, except that outside counsel for each party in this Action may maintain in its files one copy of each pleading filed with the Court, each propounded discovery request with its corresponding response, each deposition together with the exhibits marked at the deposition, and documents or electronically stored information constituting work product which were internally generated based upon or which include Confidential Information, Highly Confidential Information, or Outside Counsel Eyes Only Information. In the event that outside counsel maintains such documents or electronically stored information, it shall not disclose material containing any type of Confidential Information, Highly Confidential Information, or Outside Counsel Eyes Only Information to another party absent subpoena or court order. Upon receipt of any subpoena for such information, the party receiving the subpoena shall immediately notify outside counsel for the Designating Party of the subpoena so that the latter may protect its interests. In the event that Discovery Materials are returned to or destroyed at the request of the producing party, the other party or its outside counsel shall certify in writing that all such Discovery Materials have been returned or destroyed, as the case may be.

20. The inadvertent production in discovery of any privileged or otherwise protected or exempted information, as well as the inadvertent production in discovery of information without an appropriate designation of confidentiality, shall not be deemed a waiver or impairment of any claim or privilege or protection including but not limited to the attorney-client privilege, the protection afforded to work-product materials or the subject matter thereof, or the confidential nature of any such information, provided the producing party shall immediately notify Receiving Party in writing when the inadvertent production is discovered. Upon receiving written notice from the producing party that privileged information or work-product material has been inadvertently produced, all such information, and all copies thereof, shall be kept by counsel for the Receiving Party and counsel shall not use such information for any purpose until further Order of the Court or agreement of the parties. If the Receiving Party does not agree to return the inadvertent production, then the party producing such material may move the court for an Order compelling return of the material. Any analyses, memoranda or notes which were internally generated based upon such inadvertently-

produced information shall immediately be treated in conformance with the protected nature of the information.

21. Any violation of the terms of this Protective Order shall be punishable by money damages, interim or final injunctive or other equitable relief, sanctions, contempt of court citation, or such other or additional relief as deemed appropriate by the Court.

22. Until such time as this Protective Order has been entered by the Court, the parties agree that upon execution by the parties, it will be treated as though it had been "So Ordered."

23. Discovery Material produced by third parties may be designated by them as confidential pursuant to the terms of this Protective Order and, when so designated, shall be treated by the parties in conformance with this Protective Order with the following qualification: Unless the parties and the third party agree otherwise in writing, paragraph 6(b) concerning the restriction on Qualified Persons who have access to Outside Counsel Eyes Only Information shall not apply to such third party production.

24. Any references to "Plaintiff" and "Defendant" in this Protective Order are for convenience and are of no significance for other purposes, including for example, determining trial presentation.

25. The Court retains jurisdiction subsequent to settlement or entry of judgment to enforce the terms of this Protective Order.

Respectfully submitted,

Dated:  December 5, 2006        FOLEY & LARDNER LLP

By:      /s/
Larry L. Shatzer
Attorneys for Plaintiffs
MEDTRONIC VASCULAR, INC., MEDTRONIC USA, INC., MEDTRONIC, INC., and MEDTRONIC VASCULAR GALWAY, LTD.

Dated:  December 5, 2006        KATTEN MUCHIN ROSENMAN LLP
KEKER & VAN NEST LLP

By:      /s/
Timothy J. Vezeau
Attorneys for Plaintiff
EVYSIO MEDICAL DEVICES ULC

| | | |
|---|---|---|
| 1 | | |
| 2 | | |
| 3 | Dated: December 5, 2006 | MCANDREWS, HELD & MALLOY, LTD. |
| 4 | | FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP |
| 5 | | By: /s/ |
| 6 | | Edward A. Mas II<br>Attorneys for Defendants |
| 7 | | ADVANCED CARDIOVASCULAR SYSTEMS, INC., ABBOTT LABORATORIES, and ABBOTT XYZ CORPORATION |

Concurrence in the filing of this document has been obtained from Larry L. Shatzer, Timothy J. Vezeau and Edward A. Mas II, the signatories listed above.

Dated: December 7, 2006        FOLEY & LARDNER LLP

By: /s/
David B. Moyer
Attorneys for Plaintiffs
MEDTRONIC VASCULAR, INC., MEDTRONIC USA, INC., MEDTRONIC, INC., and MEDTRONIC VASCULAR GALWAY, LTD.

Pursuant to stipulation IT IS HEREBY ORDERED that the following Protective Order be entered in this Action.

Dated: 12/11/06  _____

Phyllis J. Hamilton
United States

*IT IS SO ORDERED*
*Judge Phyllis J. Hamilton*
(Seal: UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA)

# EXHIBIT A

LIST OF QUALIFIED PERSONS OR LAW FIRMS, pursuant to paragraphs 4(b) and 4(c) of the Protective Order

| NAME | BUSINESS ADDRESS | OCCUPATION/ TITLE | GOVERNING PARAGRAPH | DATE IDENTIFIED |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

EXHIBIT B

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO

MEDTRONIC VASCULAR, INC.,
MEDTRONIC USA, INC., MEDTRONIC,
INC., MEDTRONIC VASCULAR
GALWAY, LTD., and EVYSIO MEDICAL
DEVICES ULC,

    Plaintiffs,

    v.

ADVANCED CARDIOVASCULAR
SYSTEMS, INC. ABBOTT
LABORATORIES, and ABBOTT XYZ
CORPORATION,

    Defendants.

Case No. 06-1066 PJH

I hereby certify (i) my understanding that Discovery Materials and/or Confidential, Highly Confidential, and/or Outside Counsel Eyes Only Information are being provided to me pursuant to the terms and restrictions of the Protective Order entered by the United States District Court for the Northern District of California in this Action, and (ii) that I have read the Protective Order. I understand the terms of the Protective order, I agree to be fully bound by the Protective Order, and I hereby submit to the jurisdiction of the United States District Court for the Northern District of California for the purposes of enforcement of the Protective Order. I understand that violation of the Order may be punishable by contempt of Court.

Dated: _____

Signature: _____

Name: _____

Title/Employer: _____

Address: _____

_____

_____

_____

STIPULATION AND [PROPOSED]
STIPULATED PROTECTIVE ORDER
CASE NO. C-06-01066 (PJH)

MILW_ 2148103.1