UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MEDTRONIC VASCULAR INC.,
et al.,

    Plaintiffs,

    v.

ADVANCED CARDIOVASCULAR SYSTEMS, INC., et al.,

    Defendants.
_____/

No. C 06-1066 PJH

**ORDER GRANTING MOTION TO INTERVENE**

The motion of Boston Scientific Corporation ("BSC") to intervene as counter-claimant came on for hearing on July 25, 2007. Plaintiffs appeared through their counsel Leo L. Lam and Jeffrey N. Cotakos, and defendants ("Abbott") appeared through their counsel Robert F. McCauley. BSC appeared through its counsel Elizabeth A. Brown and Frank Scherkenbach. Having carefully reviewed the parties' papers and considered the arguments of counsel and the relevant legal authority, and for good cause appearing, the court hereby rules as follows for the reasons stated at the hearing.

Intervention as a matter of right under Fed. R. Civ. P. 24(a) is appropriate when (1) the applicant's motion is timely; (2) the applicant claims a significantly protectable interest relating to the property or transaction subject to the action; (3) disposition of the action may impair or impede protection of the interest; and (4) the current parties do not adequately represent the interests of the applicant. Sierra Club v. EPA, 995 F.2d 1478, 1484 (9th Cir. 1993). Permissive intervention, governed by Fed. R. Civ. P. 24(b), "requires (1) an independent ground for jurisdiction; (2) a timely motion; and (3) a common question of law and fact between the movant's claim or defense and the main action." Beckman Indus. v.

International Ins. Co., 966 F.2d 470, 473 (9th Cir. 1992).

First, it appears that a party seeking to intervene as of right under Rule 24(a) need not possess constitutional Article III standing in this circuit, although that party must show that he or she has a protectable interest in the outcome of the litigation. See Yniguez v. Arizona, 939 F.2d 727, 731 (9th Cir. 1991); United States v. $129,374 in United States Currency, 769 F.2d 583, 586 (9th Cir. 1985). In any event, even if standing were required, the court finds that the "facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." MedImmune, Inc. v. Genentech, Inc., 127 S. Ct. 764, 771 (2007). BSC has been actively promoting the medical device at issue (the Promus stent) in the United States, FDA approval is expected in early or mid-2008, Abbott is already manufacturing that stent for BSC in the United States, BSC is already selling that stent in Europe, and plaintiffs have accused that stent in this patent infringement action.

BSC therefore has a significant protectable interest under Rule 24(a) which would be impaired by disposition of the action. BSC's motion is timely, as discovery is in its early stages, the claim construction hearing has not yet taken place, and dispositive motions have not yet been filed. Nor does Abbott, BSC's competitor, adequately represent BSC's interests. BSC may therefore intervene as a matter of right. In the alternative, even if BSC could not intervene as a matter of right, permissive intervention is proper, as there is an independent ground for jurisdiction, BSC moved in a timely manner, and there is a common question of law and fact between BSC's claim or defense and the main action.

///
///
///
///
///

BSC's motion to intervene is therefore GRANTED as stated on the record. All parties shall meet and confer as to any enlargement of the number of depositions that may be needed and/or any adjustments to time that may be necessary, and shall submit a stipulation and proposed order regarding the same.

**IT IS SO ORDERED.**

Dated: July 26, 2007

PHYLLIS J. HAMILTON
United States District Judge