UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MEDTRONIC VASCULAR INC.,
et al.,

        Plaintiffs,

        v.

ADVANCED CARDIOVASCULAR SYSTEMS, INC., et al.,

        Defendants.
_____/

No. C 06-1066 PJH

**ORDER DENYING MOTION TO SHORTEN TIME**

        Before the court is defendant Abbott's motion to shorten time, filed in connection with Abbott's motion to de-designate three documents that Abbott asserts were improperly marked highly confidential. The motion to de-designate, which was filed concurrently with the motion to shorten time, has been noticed for hearing on November 7, 2007. By way of the instant motion, Abbott seeks to have the matter heard on October 24, 2007 instead.

        As grounds for the motion to shorten time, Abbott asserts that its motion to de-designate must be heard in advance of November 5, 2007, the last date for Abbott to submit briefing in a separate, unrelated action that is currently pending before the European Patent Office ("EPO"). Abbott asserts that the three documents it seeks to de-designate here are critical to its submission before the EPO, and that Abbott only recently had occasion to learn of the importance of these documents to the EPO litigation.

        As plaintiff Evysio has shown, however, the three documents for which Abbott seeks de-designation were produced to defendant on August 10, 2006, well over one year ago, and Abbott has known of the EPO's upcoming November 5 deadline since at least July 2007. See Jelenchick Declaration ISO Opposition to Motion to Shorten Time, Exs. A-C.

Furthermore, while Abbott claims that the significance of the three documents in question did not become clear until only recently, when Evysio made purportedly new assertions before the EPO, there is nothing to dispute Evysio's statement that these "recent" assertions were actually made three months ago. See Opp. Br. re Motion to Shorten Time at 2:3-5. In short, Abbott should have known of the need for the three documents in question – and therefore the need to file its motion to de-designate – as early as three months ago, and at the very least, well in advance of the point at which it filed the instant motion to shorten time.

    As such, Abbott is responsible for its own delay in bringing the motion to de-designate, and the court finds that good cause is lacking for granting Abbott's motion to shorten time. Moreover, Abbott has furthermore failed to adequately demonstrate legal grounds that would justify any need for urgency in de-designating documents in this action, for use in another, unrelated action. While Abbott cites to a single case for support of this proposition – Navarro v. Eskanos & Adler, 2007 WL 902550 at *2 (N.D.Cal. 2007), this citation does not actually support defendant's argument.

    Accordingly, the court hereby DENIES defendant's motion to shorten time. By way of a separate order filed herewith, the court refers defendant's motion to de-designate to a Magistrate Judge for resolution. In addition, the administrative requests to seal that were filed by both parties in connection with defendant's motion to shorten time are also DENIED, for failure to demonstrate good cause for sealing pursuant to Civil Local Rule 79-5.[1]

///

---

[1] The court also DENIES defendant's motion to shorten time in connection with its newly filed supplemental motion to de-designate testimony related to the three documents in question. Defendant filed this second motion to shorten time, and supplemental motion to de-designate, on October 3, 2007. Although the time for plaintiff to oppose this second motion to shorten time is not yet past per Civil Local Rule 6-3(c), the court nonetheless denies the motion at this juncture, in view of its connection to the instant motion to shorten time. Similarly, defendant's corresponding request to seal is also DENIED. The supplemental motion to de-designate shall be referred to a Magistrate Judge along with the original motion to de-designate.

2

1 **IT IS SO ORDERED.**

2 Dated: October 4, 2007

3 _____
PHYLLIS J. HAMILTON
United States District Judge