| | |
|---|---|
| 1 | **FOLEY & LARDNER LLP** |
| 2 | ONE MARITIME PLAZA, 6TH FLOOR<br>SAN FRANCISCO, CA 94111-3409<br>TEL: (415) 434-4484; FAX: (415) 434-4507<br>NANCY J. GEENEN, BAR NO. 135968 |
| 3 | ngeenen@foley.com |
| 4 | **FOLEY & LARDNER LLP**<br>777 EAST WISCONSIN AVENUE, SUITE 3800<br>MILWAUKEE, WI 53202-5306 |
| 5 | TEL: (414) 271-2400; FAX: (414) 297-4900<br>RICHARD S. FLORSHEIM, *PRO HAC VICE*<br>rflorsheim@foley.com |
| 6 | |
| 7 | ATTORNEYS FOR PLAINTIFFS, MEDTRONIC VASCULAR, INC., MEDTRONIC USA, INC., MEDTRONIC, INC., AND MEDTRONIC VASCULAR GALWAY, LTD. |
| 8 | **KATTEN MUCHIN ROSENMAN LLP**<br>525 WEST MONROE STREET<br>CHICAGO, IL 60661-3693 |
| 9 | TEL: (312) 902-5200; FAX: (312) 902-1061<br>TIMOTHY J. VEZEAU, *PRO HAC VICE*<br>timothy.vezeau@kattenlaw.com |
| 10 | |
| 11 | **KEKER & VAN NEST LLP**<br>710 SANSOME STREET<br>SAN FRANCISCO, CA 94111 |
| 12 | TEL: (415) 391-5400; FAX: (415) 397-7188<br>ROBERT A. VAN NEST, BAR NO. 84065<br>rvannest@kvn.com |
| 13 | LEO L. LAM, BAR NO. 181861<br>llam@kvn.com |
| 14 | ATTORNEYS FOR PLAINTIFF, EVYSIO MEDICAL DEVICES ULC |
| 15 | **FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER LLP**<br>STANFORD RESEARCH PARK, 3300 HILLVIEW AVENUE<br>PALO ALTO, CA 94304-1203 |
| 16 | TEL: (650) 849-6600; FAX: (650) 849-6666<br>ROBERT F. MCCAULEY III, BAR NO. 162056<br>robert.mccauley@finnegan.com |
| 17 | LILY LIM, BAR NO. 214536<br>lily.lim@finnegan.com |
| 18 | **FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER LLP**<br>901 NEW YORK AVENUE, N.W. |
| 19 | WASHINGTON, D.C. 20001-4413<br>TEL: (202) 408-4000; FAX: (202) 408-4400<br>J. MICHAEL JAKES, *PRO HAC VICE* |
| 20 | mike.jakes@finnegan.com<br>CHRISTINE E. LEHMAN, *PRO HAC VICE* |
| 21 | christine.lehman@finnegan.com<br>MICHAEL A. MORIN, *PRO HAC VICE*<br>michael.morin@finnegan.com |
| 22 | |
| 23 | ATTORNEYS FOR DEFENDANTS, ADVANCED CARDIOVASCULAR SYSTEMS, INC., ABBOTT LABORATORIES, AND ABBOTT XYZ CORPORATION |
| 24 | **FISH & RICHARDSON PC**<br>225 FRANKLIN STREET<br>BOSTON, MA 02110-2804 |
| 25 | TEL: (617) 542-5070; FAX: (617) 542-8906<br>FRANK E. SCHERKENBACH, BAR NO. 142549<br>scherkenbach@fr.com |
| 26 | |
| 27 | ATTORNEYS FOR COUNTERCLAIM-PLAINTIFF, BOSTON SCIENTIFIC CORPORATION |
| 28 | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| MEDTRONIC VASCULAR, INC., MEDTRONIC USA, INC., MEDTRONIC, INC., MEDTRONIC VASCULAR GALWAY, LTD., and EVYSIO MEDICAL DEVICES ULC,<br><br>        Plaintiffs,<br><br>  v.<br><br>ABBOTT CARDIOVASCULAR SYSTEMS, INC., ABBOTT LABORATORIES, and ABBOTT VASCULAR, INC.<br><br>        Defendants,<br><br>  and<br><br>ABBOTT CARDIOVASCULAR SYSTEMS, INC., ABBOTT LABORATORIES, ABBOTT VASCULAR, INC, and BOSTON SCIENTIFIC CORPORATION,<br><br>        Counterclaim-Plaintiffs,<br><br>  v.<br><br>MEDTRONIC VASCULAR, INC., MEDTRONIC USA, INC., MEDTRONIC, INC., MEDTRONIC VASCULAR GALWAY, LTD., and EVYSIO MEDICAL DEVICES ULC,<br><br>        Counterclaim-Defendants. | Case No. 06-01066-PJH (EMC)<br><br>~~STIPULATION AND [PROPOSED] ORDER STAYING DISCOVERY RELATING TO DAMAGES AND BIFURCATING DAMAGES TRIAL~~<br><br>ORDER DENYING REQUEST TO STAY DISCOVERY RELATING TO DAMAGES AND BIFURCATING DAMAGES TRIAL |

Plaintiffs and Counterclaim-Defendants, Medtronic Vascular, Inc., Medtronic USA, Inc., Medtronic, Inc., Medtronic Vascular Galway, Ltd., and evYsio Medical Devices ULC ("Plaintiffs"), and Defendants and Counterclaim-Plaintiffs, Abbott Cardiovascular Systems, Inc., Abbott Laboratories, and Abbott Vascular, Inc., and Counterclaim-Plaintiff Boston Scientific Corporation ("Defendants") have agreed and stipulate as follows, subject to approval by the Court:

1. Commencement of discovery directed solely to the issues of damages for patent infringement or the need for injunctive relief shall be stayed until thirty (30) days following any determination (whether by summary judgment, jury verdict, and/or Court order or decision), regardless of whether appealed, that any claim of either patent in suit is infringed and not invalid. This stay of discovery solely related to damages or the need for injunctive relief shall not limit discovery as to facts that are otherwise discoverable because they may relate to other issues (such as facts related to obviousness/non-obviousness), even though some or all of those facts may also be relevant to damage issues.

2. In the event that liability is found, consideration by the Court of injunctive relief and jury trial of the damages issue shall take place at later dates and times to be set by the Court.

DATED: November 2, 2007                                         **FOLEY & LARDNER LLP**

                                                                BY:  _____s/ Cynthia J. Franecki_____
                                                                         Cynthia J. Franecki

                                                                Attorneys for Plaintiffs Medtronic
                                                                Vascular, Inc., Medtronic USA, Inc.,
                                                                Medtronic, Inc., and Medtronic Vascular
                                                                Galway, Ltd.

| | |
|---|---|
| DATED: November 2, 2007 | **KATTEN MUCHIN ROSENMAN LLP** |
| | BY: _____s/ Timothy J. Vezeau_____ |
| | Timothy J. Vezeau |
| | Attorneys for Plaintiff evYsio Medical Devices ULC |
| DATED: November 2, 2007 | **FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP** |
| | BY: _____s/ Michael A. Morin_____ |
| | Michael A. Morin |
| | Attorneys for Defendants Abbott Cardiovascular Systems, Inc. Abbott Laboratories, and Abbott Vascular, Inc. |
| DATED: November 2, 2007 | **FISH & RICHARDSON P.C.** |
| | BY: _____s/ Elizabeth A. Brown_____ |
| | Elizabeth A. Brown |
| | Attorneys for Counterclaim-Plaintiff Boston Scientific Corporation |

**ORDER**

Based on the stipulation of the parties aforesaid,

NOW THEREFORE,

1. The issue of damages will be bifurcated from trial(s) on the issues of infringement, validity, and enforceability.

2. Commencement of discovery directed solely to the issues of damages for patent infringement or the need for injunctive relief shall be stayed until thirty (30) days following any determination (whether by summary judgment, jury verdict, and/or Court order or decision), regardless of whether appealed, that any claim of either patent in suit is infringed and not invalid.

3. This stay of discovery solely related to damages or the need for injunctive relief shall not limit discovery as to facts that are otherwise discoverable because they may relate to other issues (such as facts related to obviousness/non-obviousness), even though some or all of those facts may also be relevant to damage issues.

11/7/07

DATE: _____, 2007        _____
                                      Phyllis J. Hamilton
                                      United States District Judge

*DENIED*
*Judge Phyllis J. Hamilton*