UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEDTRONIC VASCULAR, INC., *et al.*, | No. C-06-1066 PHJ (EMC) |
| Plaintiffs, | |
| v. | **ORDER GRANTING DEFENDANTS' MOTION TO DE-DESIGNATE DOCUMENTS AND RELATED TESTIMONY** |
| ABBOTT CARDIOVASCULAR SYSTEMS, INC., *et al.*, | |
| Defendants. | **(Docket Nos. 208, 220)** |

Defendants have filed a motion to de-designate three documents and related testimony which Plaintiff Evysio Medical Devices, ULC designated as "Confidential" under the stipulated protective order in this matter. Having considered the parties' briefs and accompanying submissions, as well as the oral argument of counsel, the Court hereby **GRANTS** the motion to de-designate.

### I.   FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed a patent infringement action against Defendants on February 15, 2006. *See* Docket No. 1. Thereafter, in order to facilitate discovery, the parties submitted a stipulated protective order to the trial judge, which was signed on December 11, 2006. *See* Docket No. 106. Under this protective order, the parties are allowed to designate discovery materials containing trade secrets or pending patent application materials as "Highly Confidential" or "Outside Counsel Eyes Only." Discovery materials which contain "non-public, confidential or proprietary information, whether personal or business-related" may be designated as "Confidential Information."

During the course of discovery, Defendants received three documents from Plaintiff, which were designated "Highly Confidential" pursuant to the protective order. Defendants did not believe

1  that these documents contained confidential information.  Attempts by the parties to meet and confer
2  on the proper designation of the documents were unsuccessful.  Plaintiff agreed to change the
3  designation of the documents to "Confidential" but would not agree to completely de-designate
4  because the documents at issue -- *i.e.*, letters between Plaintiff and its customers -- were "non-public
5  business communications" defined as "Confidential Information" under the terms of the stipulated
6  protective order.

## II.    DISCUSSION

In its opposition, Plaintiff focuses on the fact that the parties agreed in the stipulated protective order that nonpublic business communications could be designated "Confidential Information."  However, the larger question here is whether a stipulated blanket protective order allows a party to keep specific documents from public view without satisfying the standard of good cause under Federal Rule of Civil Procedure 26(c).  *See* Fed. R. Civ. P. 26(c) (providing that a court "may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense).  *Foltz v. State Farm Mutual Automobile Insurance Co.*, 331 F.3d 1122, 1131 (9th Cir. 2003), is controlling on this issue.

In *Foltz*, the parties requested and the district court issued a very broad, blanket protective order that prevented the parties from disclosing any information produced in discovery, without a prior showing of good cause for any specific document.  *See id.*  The Ninth Circuit found that, although the issuance of such an order was understandable given the burden that document-by-document review would entail, that did not eliminate the good cause requirement of Rule 26(c).  *See id.*  When faced with a request to disclose documents, Rule 26(c) standards, not the terms of a blanket protective order, governs.  The party asserting confidentiality must make a particular showing for each document at issue that specific prejudice or harm will arise from its disclosure.  *See id.*

Similar to *Foltz*, Plaintiff and Defendants herein stipulated to a blanket protective order broader than the Rule 26(c)'s standard of good cause.  The protective order does not allow *all* discovery materials to fall under the stipulated protective order, as in *Foltz*, but does allow documents be designated as confidential simply because they are non-public.  *Foltz* controls.  Upon

2

challenge, the designating party must justify each document by showing good cause and demonstrate that specific prejudice or harm will result if the three documents (or related testimony) are disclosed.

Plaintiff contends that *Foltz* is distinguishable because, in that case, a new party challenged the confidentiality of the materials protected by the protective order; in contrast, here, Defendants agreed to the terms of the protective order and now are trying to back out of the agreement. However, there is nothing in *Foltz* or its reasoning which suggests that its holding is limited to cases in which a new party, rather than original party to the protective order, brings the challenge. It makes little logical sense that a new party or non-party to the litigation could compel disclosure of a document free of the protective order, where an original party could not. Moreover, the courts have viewed with disfavor blanket protective orders untethered to the good cause standard. *See, e.g., Walcker v. SN Commercial, LLC*, No. CV-06-009-RHW, 2006 U.S. Dist. LEXIS 63781, at *8 (E.D. Wash. Sept. 7, 2006) (denying order encompassing "any information that pertained to the parties' business or personal affairs that was not generally or publicly known and that the parties would not normally reveal to third parties" for lack of good cause); *City of Rialto v. United States Dept. of Defense*, No. EDCV 04-00079-VAP (SSx), 2005 U.S. Dist. LEXIS 25181, at *9 (C.D. Cal. May 17, 2005) (rejecting proposed protective order unless specific harm or resulting prejudice was identified for each document or category of documents the parties sought to protect).

In the case at bar, Plaintiff has failed to show good cause for keeping the three documents confidential with "specific demonstrations of fact, supported where possible by affidavits and concrete examples, rather than broad, conclusory allegations of harm." *Charles O. Bradley Trust v. Zenith Capital LLC*, No. C-04-2239 JSW (EMC), 2006 U.S. Dist LEXIS 21671 at *5 (N.D. Cal. Mar. 24, 2006). Plaintiff's general assertion that disclosure of business communications would chill

///
///
///
///
///
///

3

business relations is not a sufficient allegation of specific harm. This general blanket argument would apply to all non-public communications. Plaintiff has not demonstrated any *specific* harm will ensue from disclosure of the documents at issue.

### III. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' motion to de-designate. This order disposes of Docket Nos. 208 and 220.

IT IS SO ORDERED.

Dated: November 20, 2007

_____
EDWARD M. CHEN
United States Magistrate Judge