**FOLEY & LARDNER LLP**
ONE MARITIME PLAZA, 6TH FLOOR
SAN FRANCISCO, CA 94111-3409
TEL: (415) 434-4484; FAX: (415) 434-4507
NANCY J. GEENEN, BAR NO. 135968
ngeenen@foley.com
DAVID B. MOYER, BAR NO. 197739
dmoyer@foley.com

**FOLEY & LARDNER LLP**
777 EAST WISCONSIN AVENUE, SUITE 3800
MILWAUKEE, WI 53202-5306
TEL: (414) 271-2400; FAX: (414) 297-4900
RICHARD S. FLORSHEIM, *PRO HAC VICE*
rflorsheim@foley.com

ATTORNEYS FOR PLAINTIFFS, MEDTRONIC VASCULAR, INC., MEDTRONIC USA, INC., MEDTRONIC, INC., AND MEDTRONIC VASCULAR GALWAY, LTD.

**KATTEN MUCHIN ROSENMAN LLP**
525 WEST MONROE STREET
CHICAGO, IL 60661-3693
TEL: (312) 902-5200; FAX: (312) 902-1061
TIMOTHY J. VEZEAU, *PRO HAC VICE*
timothy.vezeau@kattenlaw.com
MICHAEL A. DORFMAN, *PRO HAC VICE*
michael.dorfman@kattenlaw.com

**KEKER & VAN NEST LLP**
710 SANSOME STREET
SAN FRANCISCO, CA 94111
TEL: (415) 391-5400; FAX: (415) 397-7188
ROBERT A. VAN NEST, BAR NO. 84065
rvannest@kvn.com
LEO L. LAM, BAR NO. 181861
llam@kvn.com

ATTORNEYS FOR PLAINTIFF, EVYSIO MEDICAL DEVICES ULC

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| MEDTRONIC VASCULAR, INC., MEDTRONIC USA, INC., MEDTRONIC, INC., MEDTRONIC VASCULAR GALWAY, LTD., and EVYSIO MEDICAL DEVICES ULC,<br><br>Plaintiffs,<br><br>v.<br><br>ABBOTT CARDIOVASCULAR SYSTEMS, INC., ABBOTT LABORATORIES, and ABBOTT VASCULAR, INC.,<br><br>Defendants,<br><br>and<br><br>ABBOTT CARDIOVASCULAR SYSTEMS, INC., ABBOTT LABORATORIES, ABBOTT | Case No. 06-01066-PJH<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION OF THE COURT'S CONSTRUCTION OF THE TERM "POLYGON"; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>**No Hearing Required [Civ. L.R. 7-9(d)]**<br><br>**Judge: Honorable Phyllis J. Hamilton** |

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE A MOTION FOR PARTIAL
RECONSIDERATION OF ORDER CONSTRUING CLAIMS; MEMORANDUM OF POINTS AND AUTHORITIES
Case No. 06-1066-PJH

MILW_2742924.1

VASCULAR, INC., and BOSTON SCIENTIFIC CORPORATION,

          Counterclaim-Plaintiffs,

    v.

MEDTRONIC VASCULAR, INC., MEDTRONIC USA, INC., MEDTRONIC, INC., MEDTRONIC VASCULAR GALWAY, LTD., and EVYSIO MEDICAL DEVICES ULC,

          Counterclaim-Defendants.

## NOTICE OF MOTION AND MOTION

Pursuant to Civil Local Rule 7-9, Plaintiffs respectfully move for leave to file a motion for reconsideration of one aspect of the Order Construing Claims entered on December 21, 2007 ("Order"). Specifically, Plaintiffs seek reconsideration of one of the eleven terms addressed in the Order – the term "polygon," which the Court, without the benefit of oral argument, construed as being limited to an "arrowhead" shape.

For the reasons set forth below, Plaintiffs respectfully submit that this construction reflects a manifest failure to consider material facts and dispositive legal arguments set forth by Plaintiffs, and that reconsideration is therefore proper under Civil Local Rule 7-9(b)(3). Per Civil Local Rule 7-9(d), Plaintiffs have not requested a hearing date, but at the Court's convenience Plaintiffs propose to have this motion addressed at the upcoming Case Management Conference and, if helpful, to present a brief argument on the term in question, as it was not argued at the Claim Construction Hearing.

## MEMORANDUM OF POINTS AND AUTHORITIES

The Court has the authority to modify its interlocutory orders to correct a mistake or error. Fed. R. Civ. P. 54(b); Civ. L.R. 7-9; *In re Citric Acid Antitrust Litig.*, No. MDL 1092 FMS, 1996 WL 231030, at *1 (N.D. Cal. Apr. 29, 1996). Leave to file a motion for reconsideration should be granted where the moving party demonstrates a manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before the interlocutory order was entered." Civ. L.R. 7-9(b)(3).

Plaintiffs cited the controlling Federal Circuit authorities of *Phillips v. AWH Corp.*, 415

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION OF COURT'S CONSTRUCTION OF THE TERM "POLYGON"
Case No. 06-1066-PJH

1

MILW_2742924.1

1   F.3d 1303, 1323 (Fed. Cir. 2005) (en banc) (the ordinary meaning of a claim term is presumed
2   absent an express intent to the contrary), and *Teleflex, Inc. v. Ficosa N. Am. Corp.*, 299 F.3d
3   1313, 1326-27 (Fed. Cir. 2002) (claims are not limited by disclosed or preferred embodiments
4   absent an express intention to do so), in connection with their proposed construction of the term
5   "polygon." (Pls.' Opn'g Br. pp. 23-25; Pls.' Reply pp. 11-13). As set forth in Plaintiffs' written
6   submissions, there are material facts here that fall squarely within the rule of law established in
7   *Teleflex* and *Phillips*.

8   First, the term "polygon" has a commonly accepted meaning that is far broader than the
9   meaning advocated by Defendants and adopted by the Court. (Joint Cl. Constr. Stmt. p. 17:24-
10  28.) Second, as established by *Phillips* and *Teleflex*, the mere fact that the patent figures
11  illustrate certain shapes of polygons is not a sufficient basis for construing "polygon" as limited
12  to those illustrated shapes. (Pls.' Opn'g Br. pp. 24-25.) Finally, the patent specification itself
13  expressly describes shapes that are different from those shown in the figures, still within "the
14  spirit and scope of the invention," and consistent with the commonly accepted meaning of
15  "polygon." (Pls.' Opn'g Br. p. 25; Pls.' Reply p. 12; *citing* '037 patent, col. 9:6-15.)

16  The Order restricts the broad term "polygon" to "an arrowhead shape," despite the
17  ordinary meaning of the term, and despite the lack of any a clear indication in the specification
18  that the patentees intended to narrow the meaning of the term. Thus Order thus conflicts with the
19  cited controlling Federal Circuit precedent cautioning against such restrictions and against
20  limiting claims to disclosed embodiments – which, with regard to "polygon," the Order does not
21  address. This reflects a manifest failure to consider material facts and the dispositive legal
22  arguments set forth in Plaintiffs' submissions to the Court.

23  **I.  THE ORDER REFLECTS A MANIFEST FAILURE TO CONSIDER THE ABSENCE OF ANY CLEAR INTENTION BY THE PATENTEES TO RESTRICT**
24  **THE BROAD MEANING OF "POLYGON."**

25  The Abbott/BSC definition of "polygon," adopted in the Order, improperly restricts the
26  definition of the broad term "polygon" (whose ordinary meaning is simply "a closed plane figure
27  having three or more, usually straight, sides"; Joint Cl. Constr. Stmt. p.17:24-28), to an
28  "arrowhead shape." (Order pp. 20-21.) This construction violates the law of the Federal Circuit

2
PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE A MOTION FOR
RECONSIDERATION OF COURT'S CONSTRUCTION OF THE TERM "POLYGON"
Case No. 06-1066-PJH

MILW_2742924.1

as set forth in *Phillips* and *Teleflex* and the additional supporting legal authority cited in Plaintiffs' briefs. (Pls.' Opn'g Br. pp. 23-25, Reply pp. 11-13.)

Likely influenced by the rhetoric of the Defendants and hindered by the absence of oral argument, the Order suggests that "polygon" was used throughout the specification as a synonym for arrowhead. (Order p. 20:9-13.) In reality, and as Plaintiffs' advised the Court in their November 12, 2007 letter, "polygon" appears in the specification 20 times. ('037 patent, col. 2:41; 3:66, 67; 4:1, 21, 28, 59; 5:2, 4, 11, 24; 6:23, 39, 40, 43, 46; 8:3, 35, 61; 12:23-24.) The first 18 times, the term "polygon" appears alone, without any reference to arrowheads. "Polygon" again appears alone the 20th time. (*Id.*) **The one time the word "arrowhead" appears in the entire patent**, the reference the Order relies on, is found in the "BEST MODE" section of the patent, which specifically discusses Figures 1 and 1A:

> in the <u>illustrated</u> embodiments, adjacent rows of repeating pattern A and repeating pattern B <u>may</u> be considered to by [sic] <u>interlocking</u> polygons or "arrowheads".

('037 patent col. 8:58-61, emphasis supplied.)

Leaving aside the 19 other times that patent describes polygons without any reference to arrowheads, it appears from the Order that this lone excerpt referring to arrowheads may have been misread as well. First, this excerpt explicitly refers to the Figures 1 and 1A as "illustrated embodiments" – not as limiting the *claimed invention*. Second, the word "may" in this excerpt is permissive, not restrictive. Third, the excerpt refers to the exemplary "interlocking polygons" – not *all* polygons. Thus, at most, this language indicates that these specific, *interlocking* polygons, found in the illustrated embodiments, "*may*" be considered arrowheads. The Court recognized the permissive nature of this language, noting that the specification explains what a repeating pattern comprised of a polygon "*might*" look like. (Order p. 20:2-4, emphasis supplied.) But the Order nonetheless uses this lone reference to arrowhead and the patent figures to read "arrowhead shape" into the definition of "polygon" – directly contrary to the Federal Circuit's pronouncements against reading limitations from the specification into the claims, and limiting claims to disclosed embodiments. *Phillips*, 415 F.3d at 1323.

3
PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE A MOTION FOR
RECONSIDERATION OF COURT'S CONSTRUCTION OF THE TERM "POLYGON"
Case No. 06-1066-PJH

MILW_2742924.1

The Order notes that this single reference "*implies*, *as defendants propose*, that polygon be construed to mean 'closed arrowhead shape.'" (Order p. 20:12.)  Here, Defendants have lead the Court into error – because whatever Defendants suggest this sentence implies, it does not provide the *clear manifest expression of intent to disavow claim scope* required for extraneous terms (such as "arrowhead shape" here) to be imported into the claims.  (Order 5; Pls.' Reply, p. 12, citing *Teleflex*, 299 F.3d at 1327.)  In *Teleflex*, the specification disclosed only a single embodiment of a "clip", which was a clip with a single pair of legs.  The district court construed the term "clip" as being limited to a structure with only "a single pair of legs." *Teleflex*, 299 F.3d at 1327-28.  The Federal Circuit reversed, holding that even where a specification discloses only a single embodiment, absent "words or expressions of manifest exclusion or restriction, representing a clear disavowal of claim scope," it is error to construe a claim term that has a broader ordinary meaning as being limited to the structure shown in the disclosed embodiment. *Id.*  In *Phillips*, the Federal Circuit, *en banc*, reaffirmed that same rule of law. *Phillips*, 415 F.3d at 1323.

Here, there is no evidence that permits the conclusion that, on the basis of a single reference to "arrowheads," a person of ordinary skill in the art would understand that the broad term "polygon," as used in the claims and throughout the specification (including the 18 times it was used before arrowhead was mentioned) always means "arrowhead shape."  This single sentence fails to provide the manifest expression of intent necessary to restrict the definition of "polygon" to "arrowhead shapes" under the law.  As such, reconsideration is appropriate.

## II.  THE ORDER REFLECTS A MANIFEST FAILURE TO CONSIDER LANGUAGE IN THE SPECIFICATION CONCERNING THE REMOVAL OF SIDE WALLS.

Despite specific identification of this material language and Plaintiffs' related argument, the Order makes no reference whatsoever to discussion in the same "Best Mode" portion of the specification, regarding other shapes that result from removing side walls.  (*Compare* Order pp. 20-21 *with* Pls.' Opn'g Br. p. 25, Pls.' Reply p. 12; '037 patent, col. 9:6-13.)  Here, almost immediately following the discussion of the shapes shown in the figures, the specification provides the specific example of removing one or both of side walls 35 and 40, which would

4

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION OF COURT'S CONSTRUCTION OF THE TERM "POLYGON"
Case No. 06-1066-PJH

MILW_2742924.1

1  result in the shaded polygon shown on page 25 of Plaintiffs' Opening Brief (a copy of which is
2  included below for the convenience of the Court).



3  The shape of this multi-sided closed figure is certainly
4  consistent with the ordinary meaning of polygon – *i.e.*, "a closed plane
5  figure having three or more, usually straight, sides." (Joint Cl. Constr.
6  Stmt. p.17:24-28.)[1] There would be no reason for a person of ordinary
7  skill in the art to conclude that the highlighted shape is ***not*** a polygon –
8  and the specification gives it no other name. However, it is quite
9  possible that a jury instruction requiring a "polygon" to have an "arrowhead" shape could cause
10 the jury to conclude that a shape such as that described in col. 9:6-13 as *within* "the spirit and
11 scope of the invention," it is actually *outside* the scope of the claims that recite a "polygon."
12 Reconsideration is therefore appropriate.

13 **III.   CONCLUSION**

14     For the foregoing reasons, Plaintiffs respectfully request that, pursuant to Civil L.R. 7-9,
15 the Court grant their Motion for Leave to File a Motion for Reconsideration of the Court's
16 Construction of the Term "Polygon."

17 DATED: January 4, 2008                **FOLEY & LARDNER LLP**

18                                        By:    s/ Cynthia J. Franecki
19                                               Cynthia J. Franecki

20                                        Attorneys for Plaintiffs Medtronic Vascular,
                                          Inc., Medtronic USA, Inc., Medtronic, Inc.,
21                                        and Medtronic Vascular Galway, Ltd.

22 DATED: January 4, 2008                **KATTEN MUCHIN ROSENMAN LLP**
23
                                          By:    s/ Timothy J. Vezeau
24                                               Timothy J. Vezeau

25                                        Attorneys for Plaintiff evYsio Medical
                                          Devices ULC
26

---

27     [1] As set forth in some of the claims, this figure would have side walls parallel to the
   longitudinal axis of the stent (which admittedly are hard to see in this image).
28

5
PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE A MOTION FOR
RECONSIDERATION OF COURT'S CONSTRUCTION OF THE TERM "POLYGON"
Case No. 06-1066-PJH

MILW_2742924.1