**FOLEY & LARDNER LLP**
ONE MARITIME PLAZA, 6TH FLOOR
SAN FRANCISCO, CA 94111-3409
TEL: (415) 434-4484; FAX: (415) 434-4507
NANCY J. GEENEN, BAR NO. 135968
ngeenen@foley.com

**FOLEY & LARDNER LLP**
777 EAST WISCONSIN AVENUE, SUITE 3800
MILWAUKEE, WI 53202-5306
TEL: (414) 271-2400; FAX: (414) 297-4900
RICHARD S. FLORSHEIM, *PRO HAC VICE*
rflorsheim@foley.com

ATTORNEYS FOR PLAINTIFFS, MEDTRONIC VASCULAR, INC., MEDTRONIC USA, INC., MEDTRONIC, INC., AND MEDTRONIC VASCULAR GALWAY, LTD.

**KATTEN MUCHIN ROSENMAN LLP**
525 WEST MONROE STREET
CHICAGO, IL 60661-3693
TEL: (312) 902-5200; FAX: (312) 902-1061
TIMOTHY J. VEZEAU, *PRO HAC VICE*
timothy.vezeau@kattenlaw.com
MICHAEL A. DORFMAN, *PRO HAC VICE*
michael.dorfman@kattenlaw.com

**KEKER & VAN NEST LLP**
710 SANSOME STREET
SAN FRANCISCO, CA 94111
TEL: (415) 391-5400; FAX: (415) 397-7188
ROBERT A. VAN NEST, BAR NO. 84065
rvannest@kvn.com
LEO L. LAM, BAR NO. 181861
llam@kvn.com

ATTORNEYS FOR PLAINTIFF, EVYSIO MEDICAL DEVICES ULC

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| MEDTRONIC VASCULAR, INC., MEDTRONIC USA, INC., MEDTRONIC, INC., MEDTRONIC VASCULAR GALWAY, LTD., and EVYSIO MEDICAL DEVICES ULC,<br><br>Plaintiffs,<br><br>v.<br><br>ABBOTT CARDIOVASCULAR SYSTEMS, INC., ABBOTT LABORATORIES, and ABBOTT VASCULAR, INC.,<br><br>Defendants,<br><br>and<br><br>ABBOTT CARDIOVASCULAR SYSTEMS, INC., ABBOTT LABORATORIES, ABBOTT VASCULAR, INC., and BOSTON SCIENTIFIC CORPORATION,<br><br>Counterclaim-Plaintiffs, | Case No. 06-01066-PJH<br><br>**PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION OF THE COURT'S CONSTRUCTION OF THE TERM "POLYGON"**<br><br>**No Hearing Required [Civ. L.R. 7-9(d)]**<br><br>**Judge: Honorable Phyllis J. Hamilton** |

PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR
RECONSIDERATION OF ORDER COURT'S CONSTRUCTION OF THE TERM "POLYGON"
Case No. 06-1066-PJH

MILW_2929293.2

| | |
|---|---|
| 1 | v. |
| 2 | MEDTRONIC VASCULAR, INC., MEDTRONIC USA, INC., MEDTRONIC, |
| 3 | INC., MEDTRONIC VASCULAR GALWAY, LTD., and EVYSIO MEDICAL DEVICES |
| 4 | ULC, |
| 5 | Counterclaim-Defendants. |

## INTRODUCTION

Defendants do not challenge Plaintiffs' interpretation of binding Federal Circuit precedent set forth in *Teleflex, Inc. v. Ficosa N. Am. Corp.*, 299 F.3d 1313, 1326-27 (Fed. Cir. 2002), that it would be error to construe a claim term that has a broad ordinary meaning as being limited to structure shown in the disclosed embodiments absent a clear manifest expression of intent to disavow claim scope. So, the issue for this court is whether the specification includes a clear manifest intent to restrict the ordinary meaning of the broad term "polygon," which includes a wide range of shapes, to arrowhead shapes. Because it does not, reconsideration is appropriate.

## MEMORANDUM OF POINTS AND AUTHORITIES

In arriving at a construction that restricts the broad ordinary meaning of the term "polygon" to arrowhead shapes, the Order focuses on two portions of the specification. One is a single reference to "arrowheads" in the specification – the only time that word appears. The second is a reference to one of the "aspects" of the "present invention" – "a first repeating pattern." Neither of these portions of the specification supports a construction of the term "polygon" that is limited to an "arrowhead shape."

The lone reference to "arrowheads" in the specification is as follows:

> Thus, in the <u>illustrated embodiments</u>, adjacent rows of repeating pattern A and repeating pattern B may be considered to by [sic] interlocking polygons or arrowheads.

('037 Patent at 8:58-60.) The Order emphasizes that this statement refers to "all" of the illustrated embodiments of patterns A and B and refers to them as "polygons or arrowheads." However, the holding in *Teleflex* makes this fact legally insignificant, since limitations depicted in ***all*** the disclosed or preferred embodiments cannot be read into the claims ***absent an express***

1
PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR
RECONSIDERATION OF COURT'S CONSTRUCTION OF THE TERM "POLYGON"
Case No. 06-1066-PJH

MILW_2929293.2

***intention to do so***. *Teleflex*, 299 F.3d at 1327.

In *Teleflex*, the Federal Circuit refused to read a "single pair of legs" limitation into the word "clip," even though all the clips in the illustrated embodiment had a single pair of legs, because there was no expression of manifest exclusion or restriction representing an intent to limit the term "clip" in that manner. *Id.* at 1327-28; *see also Liebel-Flarsheim Co. v. Medrad, Inc.*, 358 F.3d 898, 906 (Fed. Cir. 2004) ("this court has expressly rejected the contention that if a patent describes only a single embodiment, the claims of the patent must be construed as being limited to that embodiment"). The Federal Circuit thus held "that claim terms take on their ordinary and accustomed meaning unless the patentee demonstrated an intent to deviate from the ordinary and accustomed meaning by redefining the term or characterizing the invention in the intrinsic record using words or expressions of manifest exclusion or restriction, representing a clear disavowal of claim scope." *Teleflex¸* 299 F.3d at 1327.

Applying the *Teleflex* holding here, even if every pattern A or pattern B polygon in the figures is arrowhead-shaped, that fact is not sufficient to limit the term "polygon" to "arrowheads." *Id.* Likewise, a solitary statement indicating what is shown in every illustrated embodiment is not a sufficient basis to restrict or deviate from the ordinary meaning of the term "polygon." ('037 Patent 8:58 "illustrated embodiments"; *see also* 9:22-23, referring to the Figures as only "preferred embodiments.") Describing what is depicted in the illustrated or preferred embodiments is not the same as "redefining the term or characterizing the invention in the intrinsic record using words or expressions of manifest exclusion or restriction, representing a clear disavowal of claim scope." *Id.*[1]

As for the second portion of the specification relied on ('037 Patent at 5:9-16), the Order notes that it identifies an aspect of "the present invention" as "a first repeating pattern" including a "polygon having side walls substantially parallel to the longitudinal axis." (Order 19:23-19:27.) The Order further focuses on the figures and indications of what "a first repeating

---

[1] Defendants refer again to *Bell Atl. Network Svcs., Inc. v. Convad Commc'n Group Inc.*, 262 F.2d 1258, 1271 (Fed. Cir. 2001). As stated in footnote 11, at page 12 of Plaintiffs' Combined Reply Brief, *Teleflex* makes clear that *Bell Atl.* does not permit a court to limit claim terms to disclosed embodiments. *Teleflex, Inc.*, 299 F.3d at 1326.

2
PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR
RECONSIDERATION OF COURT'S CONSTRUCTION OF THE TERM "POLYGON"
Case No. 06-1066-PJH

MILW_2929293.2

pattern – comprised of a polygon – **might** look like" – specifically, Figure 1A's "repeating pattern A." (*Id.* 20:2-8, emphasis supplied.) However, while Fig. 1A's "repeating pattern A" is an **example** of what a "polygon" that would fall within the description of column 5 might look like, nothing in the specification **limits** the shape of a "polygon" to only the shape depicted in Fig. 1A, or in any of the other Figures.

On the contrary, column 9 describes an example of *another* "repeating pattern" (at right), created by the removal of identified walls, as "***within the spirit and scope of the invention***." (*Id.* at 9:6-13.) Thus, the Court cannot properly ignore the broad ordinary meaning of "polygon" and use the column 5 reference to the "present invention" to limit the term "polygon" to a certain narrow class of shapes where it is clear from the column 9 discussion that "the invention" is broader than that.[2] For this



reason, Defendants' citation to *E-Pass Techs., Inc. v. 3Com Corp.*, 343 F.3d 1364, 1370 (Fed. Cir. 2003) misses the point. Relying on column 5, the Court has adopted an unduly narrow construction of "polygon" solely because of what column 5 says about the "present invention." The column 9 discussion makes clear that "the invention" is broad enough to encompass the shape described there.

Even if the Court were to erroneously ignore the teachings of column 9, the description of "polygon" contained in column 5 is broad enough to encompass more than the type of arrowhead shape shown in the illustrated embodiments. The portion of column 5 cited in the Order describes a "first repeating pattern" that is:

> comprised of a polygon having a pair of side walls substantially parallel to the longitudinal axis, a concave-shaped first wall having a first apex and a convex-shaped second wall having a second apex, the first wall and the second wall connecting the side walls, at least one of the first apex and the

---

[2] As for Defendants' argument that the specification never affirmatively referred to certain other shapes (which meet the ordinary definition of polygon) as "polygons", Defendants misstate the burden. The patentee does not bear the burden of showing that he intended the ordinary meaning of a word. Rather, *Teleflex* allows the restriction of an invention to the illustrated embodiments and the deviation from ordinary meaning only where it is shown that the patentee used words or expressions of manifest exclusion or restriction." This, Defendants cannot show.

MILW_2929293.2

second apex being substantially flat…

('*Id.* at 5:9-16.) The column 9 polygon also meets the column 5 description. Consider here the repeating pattern in yellow (with, to permit the Court to see the side walls, only one wall removed). It includes a polygon with side walls (green) parallel to a stent longitudinal axis, a first wall having a concave shape (in blue), and a second wall having a convex shape (in red), also having an apex.[3] This shape is thus also the type of "polygon" discussed in column 5. (*See also* '037 Patent, claim 58.)



Defendants would disagree with this conclusion, having argued that the first wall and second wall must "consist of" only a single concave or convex shape. (Jt. Cl. Cont. Stmt. 21.) However, Defendants' position, which was already rejected by this Court (Order 23-24), is contrary to the open language "comprising" and "having" found in the claims and in the specification, and contrary to the depiction in the figures of the first and second walls, which include elements beyond the concave and convex shapes. (Pls.' Opn'g Br. 27-28; Reply 14-16.) It is also contrary to the rule, recently reaffirmed by the Federal Circuit, concerning the proper interpretation of "a" or "an" in these circumstances. *Baldwin Graphic Systems, Inc. v. Siebert, Inc.*, __ F.3d. __, 2008 WL 124149,*4 (Fed. Cir. Jan. 15, 2008) ("That 'a' or 'an' can mean 'one or more' is best described as a rule, rather than merely a presumption or even a convention. The exceptions to this rule are extremely limited: a patentee must evince a clear intent to limit 'a' or 'an' to 'one.'"). Thus, a person of ordinary skill in the art, reading the open language of the specification and claims, and reading the specification's description of the removal of side walls, would not conclude that the ordinary meaning of the broad term "polygon" is limited to the "arrowhead" shapes shown in the Figures.

As for Defendants' insistence that Plaintiffs agreed that ordinary meaning of polygon did not apply, Defendants are simply wrong. Plaintiffs' position was simple (or it was meant to be). The figures and claim language made it clear that polygons could be made up of both curved and

---

[3] This analysis applies equally to the portion of the specification cited by the Defendants. (Defs.' Br. 3:23-4:10, citing '037 Patent at 4:57-5:4.)

MILW_2929293.2

straight lines. (Pls.' Opn'g Br. 23.) Plaintiffs identified a dictionary definition that said that a polygon was "a closed plane figure, having three or more, <u>usually</u> straight, sides." (Jt. Cl. Const. Stmt. 17:25-28.) That sort of definition led to the concern that the jury might, mistakenly, believe that polygons <u>always</u> had to have straight sides. Plaintiffs indicated that it would be wrong to adopt any alternative dictionary definition that referred to a figure that consisted entirely of straight sides. (Pls.' Opn'g Br. 23.) The dictionary definitions cited to the Court indicate that polygons <u>can</u> have curved sides. (Jt. Cl. Const. Stmt. 17:25-28; 18:7-9.) Thus, the patent specification's usage of the term "polygon" was consistent with ordinary meaning as reflected in those dictionary definitions. Simply for the purpose of clarity, Plaintiffs asked the Court for a construction that would tell the jury that a polygon could have both curved and straight lines. And indeed, the Court did address that issue, in the latter half of its decision on polygon, which the Plaintiffs do not dispute. (Order 20:14-22.)

Finally, the Defendants are wrong in arguing that Plaintiffs' motion violates 7-9(3) because it repeats arguments. (Defs.' Br. 5:20-25.) Notably, the 7-9(b)(3) standard limits reconsideration to arguments and facts "which were presented to the Court before the interlocutory order was entered." Civ. L.R. 7-9(b)(3). To address that standard it is necessary to indicate, as Plaintiffs have done, the arguments and facts that were presented earlier. Defendants also wrongly argue that the reconsideration standard is not met because the Court did consider *Phillips* and *Teleflex*. Defendants point, as did Plaintiffs, to the Order's reference to those cases at the outset of the decision. But Defendants overlook Plaintiffs' point, which is that the Court needs to consider that line of cases in analyzing and construing this particular term. Defendants, because they cannot, have not even proffered an argument as to why their construction is proper under both *Phillips* and *Teleflex*.

MILW_2929293.2

Respectfully submitted,

DATED: January 18, 2008  **FOLEY & LARDNER LLP**

By:     s/ Cynthia J. Franecki
      Cynthia J. Franecki

Attorneys for Plaintiffs Medtronic Vascular, Inc., Medtronic USA, Inc., Medtronic, Inc., and Medtronic Vascular Galway, Ltd.

DATED: January 18, 2008  **KATTEN MUCHIN ROSENMAN LLP**

By:     s/ Timothy J. Vezeau
      Timothy J. Vezeau

Attorneys for Plaintiff evYsio Medical Devices ULC

6
PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION OF COURT'S CONSTRUCTION OF THE TERM "POLYGON"
Case No. 06-1066-PJH

MILW_2929293.2