UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MEDTRONIC VASCULAR INC.,
et al.,

        Plaintiffs,

        v.

ADVANCED CARDIOVASCULAR
SYSTEMS, INC., et al.,

        Defendants.

_____/

No. C 06-1066 PJH

**ORDER GRANTING REQUEST FOR RECONSIDERATION**

        Before the court is plaintiffs' motion for reconsideration of the court's December 21, 2007 claim construction order, and specifically, the court's construction of the term "polygon." The claim construction order construed "polygon" as "a closed arrowhead shape mad up of curved lines, straight lines, or a combination of curved and straight lines." See Order Construing Claims at 20:27-21:2. Plaintiffs contend, however, that this construction was erroneous, and that the proper construction of "polygon" continues to be "a closed figure made up of curved lines, straight lines, or a combination of curved and straight lines, for example, a closed arrowhead shape." For the reasons that follow, the court agrees with plaintiffs.

        Preliminarily, neither plaintiffs nor defendants sought, or seek, a construction of "polygon" that is fully consistent with the ordinary meaning of the phrase. While plaintiffs assert this is the case, they originally argued for at least some deviation from the ordinary dictionary meaning of the phrase, which generally defines "polygon" as a closed figure made of *straight* lines, rather than curved lines. See, e.g., Merriam-Webster's Collegiate Dictionary 962 (11th Ed.). Notwithstanding, however, the question raised by plaintiffs' motion is simply whether the court's construction of the term "polygon" correctly reflects the

meaning that the term would have "to a person of ordinary skill in the art," "in the context of the entire patent, including the specification." See, e.g., Phillips v. AWH Corp., 415 F.3d 1303, 1313 (Fed. Cir. 2005); see also Medrad, Inc. v. MRI Devices Corp., 401 F.3d 1313, 1319 (Fed. Cir. 2005).

As plaintiffs have shown here, it does not. First, plaintiffs have highlighted the fact that, while the court's order correctly noted that the specification of the '037 Patent refers to "repeating pattern" A and B as "polygons *or arrowheads*," the specification only does so once. See '037 Patent at 8:58-61 (emphasis added). In fact, the vast majority of references to the term "polygon" that are employed throughout the patent specification all omit reference to the term "arrowhead" in mentioning the term "polygon." See, e.g.,id. at 3:67; 4:20-22; 4:28; 4:57-60; 5:1-4; 6:21-23; 6:37-40; 12:23-24. Properly viewed, therefore, the language of the specification as a whole does not actually support limiting the term "polygon" to an arrowhead shape.

Second, even had the court been correct in relying on the specification's sole reference to "arrowhead" in connection with the term "polygon," plaintiffs point out that the language of the specification relied on by the court pertains to that portion of the specification discussing the *illustrations* contained in the patent's figure drawings. See '037 Patent at 8:58-61 ("Thus, in the illustrated embodiments, adjacent rows of repeating pattern A and repeating pattern B may be considered to b[e] interlocking polygons or 'arrowheads'"). As the law makes clear, however, limitations from preferred or illustrated embodiments, cannot be read into the claim language absent an express intent to do so. See Teleflex, Inc. v. Ficosa North Am. Corp., 299 F.3d 1313, 1326 (Fed. Cir. 2002)("The claims must be read in view of the specification, but limitations from the specification are not to be read into the claims"). While the court properly noted this standard throughout its claim construction order, the court finds, on closer inspection here, that it nonetheless failed to apply this standard appropriately to the instant claim term.

Finally, plaintiffs have also noted that the court's ruling is erroneous because the

1 specification notably defines polygon with reference to a non-arrowhead shape.  See '037
2 Patent at 9:6-10 ("various walls of first repeating pattern A and second repeating pattern B
3 may be omitted (and even desired) at selected points along the body of the stent without
4 departing from the spirit and scope of the invention").  Since this alternative embodiment
5 relates to the same repeating patterns A and B that were previously described as
6 "polygons" and "arrowheads," plaintiffs assert that the specification clearly contemplates
7 that a "polygon" can include non-arrowhead shapes.  Unlike plaintiffs' prior arguments, the
8 court does not necessarily find this argument persuasive.  For although plaintiffs are correct
9 that the specification does describe a means of removing side walls from first repeating
10 patterns A and B, the specification does not affirmatively follow its description of this
11 alternative embodiment with an express claim that it would also be comprised of a
12 "polygon."

13 Nonetheless, on balance and in view of the foregoing reasons set forth, the court
14 concludes that its prior construction of "polygon" overlooked material facts previously
15 presented to the court, and improperly read limitations from the '037 Patent's preferred or
16 illustrated embodiments into the claim language, in contravention of the case law that was
17 otherwise duly relied upon by the court in its order.  For that reason, reconsideration of the
18 court's construction of "polygon" is appropriate pursuant to Civil L.R. 7-9(b)(3), and
19 plaintiffs' motion is hereby GRANTED.

20 As such, and in reliance on the above, the court hereby amends its prior
21 construction of "polygon", and construes the term as follows:  "**a closed figure made up of**
22 **curved lines, straight lines, or a combination of curved and straight lines, for**
23 **example, a closed arrowhead shape**."

24 **IT IS SO ORDERED.**

25 Dated: January 31, 2008

26 PHYLLIS J. HAMILTON
United States District Judge

27

28

3