UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MEDTRONIC VASCULAR INC., et al.,

    Plaintiffs,

    v.

ADVANCED CARDIOVASCULAR SYSTEMS, INC., et al.,

    Defendants.
_____/

No. C 06-1066 PJH

**ORDER GRANTING SECOND MOTION FOR RECONSIDERATION**

Before the court is defendants' motion for reconsideration of the court's December 21, 2007 claim construction order, in which the court construed the phrase "the polygon further comprises a first wall having a concave shape and a second wall having a convex shape," as "the polygon having a first wall with an apex directed toward the interior of the polygon and a second wall, also with an apex, directed away from the interior of the polygon." See Order Construing Claims at 22:27-25:1.  Defendants specifically contend that the court must revisit or clarify this construction, in view of the court's January 31, 2008 order granting plaintiffs' request for reconsideration of the term "polygon."

Having altered its original construction of the phrase "polygon," the court agrees with defendants that reconsideration of the phrase at issue – which further defines the meaning of "polygon" – is warranted.  Preliminarily, however, the court notes that the parties have framed the instant inquiry in a different manner than they did previously.  During claim construction, as the court noted in the claim construction order, the issue before the court was whether the disputed claim language should be construed as limited to polygons with first and second walls consisting only of concave and convex shapes (defendants' proposed construction), or whether the claim language should be construed to cover

polygons with first and second walls that include additional elements aside from concave and convex shapes, respectively (plaintiffs' proposed construction).  See Claim Construction Order at 23:11-17.  The court adopted plaintiffs' proposed construction, finding that the intrinsic evidence – specifically, the specification and the figure drawings – supported the conclusion that the disputed claim language should be construed to cover polygons with first and second walls that can include additional shapes aside from concave and convex elements.  See Claim Construction Order at 23:20-23.

Now, however, both parties have shifted their focus to the question whether the disputed claim language should be construed to cover a polygon with first and second walls that are "undulating" – i.e., polygons that have first and second walls comprised of multiple concave and convex shapes, or put another way, walls with multiple apices that are directed both into and away from the interior and exterior of the polygon.[1]  The parties specifically now focus on the proper construction to be given the words "a" and "an," as used in the construction adopted by the court in its claim construction order.

The court resolves this dispute, not by adopting an entirely new construction, but simply by clarifying the court's prior construction.  For although the court ultimately dismissed defendant's objection that plaintiffs' proposed construction would cover polygons comprised of 'undulating' side walls, defendant has nonetheless correctly surmised that, to the extent the court tangentially considered the issue, the court implicitly understood that the disputed language at issue covers polygons comprised of first and second walls with only a single concave and convex apex, respectively.  See Claim Construction Order at 24:6-18 (rejecting as "not particularly compelling," defendant's argument that plaintiffs' construction would "cover polygon shapes consisting of upper walls that are 'undulating,'"

---

[1] Defendants correctly note that they previously touched upon this issue during claim construction. See Claim Construction Order at 24:6-10 (noting that "defendants' and the intervenor's primary objection appears to be that, if plaintiffs' proposed construction is adopted, the claims at issue will cover polygon shapes consisting of upper and lower walls that are 'undulating'..."). However, the court did not previously find defendants' arguments on this point to be controlling, in view of the parties' overriding focus on whether the first and second walls of the claimed polygon shape could include additional shapes. See id. generally at 23-24.

since it "was not immediately apparent" to the court "how plaintiffs' proposed construction[,] which expressly requires '*an* apex' directed toward the interior of the polygon, and *a* second apex directed away from the interior of the polygon," would cover such 'undulating' shapes). To clarify, in adopting plaintiffs' proposed construction, the court understood that plaintiffs' construction covered polygons having first walls containing a single apex, directed toward the interior of the polygon (i.e., having a concave shape), and having second walls containing a single apex, directed away from the interior of the polygon (i.e., having a convex shape).

The court's review of the arguments now before it further convinces the court that its prior implicit understanding remains accurate. For, as defendant points out, the specification refers to the polygon's first concave shaped and second convex shaped side walls – and the apex of each – in the singular. See McCauley Decl., Ex. E at 2:41-46; 4:62-64; 5:8-19. The figure drawings also illustrate polygons that cover first and second side walls containing a single concave or convex apex, respectively. See id. at 8:41-43; 8:44-46; Fig. 1. Plaintiffs, by contrast, have not pointed to any language or illustrations that, in the court's view, expressly discloses a polygon with multiple concave and convex apices as part of a single side wall. All of which indicates that the claim language at issue – which covers "a first wall having a concave shape and a second wall having a convex shape" – covers first and second walls that are limited to single respective apices.

The parties also contest whether the prosecution history discloses that plaintiffs disclaimed the disputed claim language's coverage of the very same 'undulating' side wall shape that plaintiffs now assert is covered. However, while defendant presents good arguments on this point, the court does not find that the prosecution history goes as far as defendant would have the court conclude.

Nonetheless, for all the above reasons, the court finds that, although it is true enough that the use of "a" and/or "an" is usually to be construed in an open-ended fashion, here, the intrinsic evidence supports a construction that departs from the general rule.

See, e.g., TiVo v. Echostar Commc'ns Corp., 516 F.3d 1290, 1303 ("As a general rule, the words 'a' or 'an' in a patent claim carry the meaning of 'one or more'")(but noting that "[t]he general rule does not apply when the context clearly evidences that the usage is limited to the singular").  In sum, the claim language and the specification as a whole both indicate that the claim language at issue should be construed to cover a polygon with side walls having a single apex directed toward the interior of the, and a single apex directed away from the interior of, the claimed polygon.

Accordingly, the court GRANTS defendants' motion for reconsideration, and adopts defendants' proposed clarification of plaintiffs' proposed construction, to wit the phrase  "the polygon further comprises a first wall having a concave shape and a second wall having a convex shape," is hereby construed as "**the polygon having a first wall with only a single apex directed toward the interior of the polygon and a second wall, also with only a single apex, directed away from the interior of the polygon**."

**IT IS SO ORDERED**.

Dated:  May 13, 2008

_____
PHYLLIS J. HAMILTON
United States District Judge

4