UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MEDTRONIC VASCULAR, INC., *et al.*,

Plaintiffs,

v.

ABBOTT CARDIOVASCULAR SYSTEMS, INC., *et al.*,

Defendants.
_____/

No. C-06-1066 PHJ (EMC)

**ORDER RE JOINT LETTER OF JULY 15, 2008**

**(Docket No. 383)**

The parties have submitted a joint letter, dated July 15, 2008, regarding a discovery dispute. As reflected in the letter, Abbott asks that the Court compel Medtronic to respond to two interrogatories, more specifically, Interrogatories Nos. 16 and 17. Having considered the joint letter as well as all other evidence of record, the Court hereby **GRANTS** Abbott's request.

Medtronic presents several arguments in opposition to Abbott's request but none are availing.

First, Medtronic argues that Abbott's motion to compel is untimely because fact discovery closed on May 9, 2008, and, under the Civil Local Rules, "no motions to compel fact discovery may be filed more than 7 court days after the fact discovery cut-off." Civil Local Rule 26-2. This argument, however, is not persuasive because Abbott's motion is not one to compel solely fact discovery. In fact, Medtronic objected in part to the interrogatories precisely because they involved expert discovery.

Moreover, even if the motion were considered a motion to compel fact discovery, Federal Rule of Civil Procedure 6(b) allows for extensions of time where there is good cause and a party's

failure to act is due to excusable neglect. *See* Fed. R. Civ. P. 6(b). Here, there is good cause for Abbott's failure to move to compel earlier because of Medtronic's objection that the interrogatories required expert discovery.[1] As for excusable neglect, the Court "must consider four factors: '(1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith.'" *In re Veritas Software Corp.*, 496 F.3d 962, 973 (9th Cir. 2007). Here, Abbott acted in good faith in not moving to compel earlier and had reason for its delay because of Medtronic's objection that the interrogatories required expert discovery. The delay was not lengthy because, even though fact discovery closed on May 9, 2008, Medtronic did not serve its expert report until June 20, 2008. As for prejudice to Medtronic, the Court takes into account that expert discovery is coming to a close (on July 18, 2008) and that summary judgment motions are upcoming (opening motions to be filed on July 18, 2008). However, any prejudice to Medtronic is limited since, given the stage of the proceedings, it should have shored up its final position as to why the patents at issue are not invalid and, presumably, can rely extensively on its expert report in responding to Interrogatories Nos. 16 and 17. The late motion to compel will not derail this litigation.

Turning to the merits, the Court rejects Medtronic's argument that it should not be compelled to provide responses to Interrogatories Nos. 16 and 17 because they contain discrete, multiple subparts which exceed the 25-interrogatory limit. As a preliminary matter, the Court is not persuaded that Medtronic's method of counting is entirely correct. Although Medtronic wants to treat each claim of a patent as a discrete subpart, that may not be accurate, particularly where claims are related. *See Safeco of Am. v. Rawstron*, 181 F.R.D. 441, 445 (C.D. Cal. 1998) (indicating that interrogatory subparts are to be counted as one interrogatory if they are logically or factually subsumed within and necessarily related to the primary question).

---

[1] Medtronic suggests that this was never its main objection and that its real objection was that the interrogatories contained multiple discrete subparts that exceeded the 25-interrogatory limit. *See* Jt. Letter at 6 ("Plaintiffs made clear, repeatedly, that the basis for not responding to Defendants' interrogatories was that Defendants had far exceeded the 25 interrogatory limit. Defendants ignored that objection then, and continue to want to brush aside the issue now to make this an expert discovery issue."). Medtronic, however, never withdrew its objection that responses to the interrogatories were premature because they involved expert discovery.

In any event, the Court has the authority pursuant to Federal Rule of Civil Procedure 33(a)(1) to allow the interrogatories at issue even if their number exceeds the 25 limit and compel responses "to the extent consistent with Rule 26(b)(2)." Fed. R. Civ. P. 33(a)(1). In the instant case, the main question for the Court is whether, under Rule 26(b)(2), the burden or expense of the interrogatories outweighs its likely benefit, "considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2)(C)(iii). As this Court previously noted, this is a substantial case and contention interrogatories at this late stage can play a useful role in advancing the litigation. Medtronic's position on invalidity is likely addressed by its expert report, and its position should be well formulated by now. Hence, the burden of responding to this discovery is not great. On the other hand, the probative value of the discovery is high since invalidity is at issue.

Accordingly, the Court grants the motion and orders Medtronic to respond to Interrogatories Nos. 16 and 17. In responding, Medtronic may incorporate by reference its expert report. Medtronic's responses shall be served no later than July 28, 2008.

This order disposes of Docket No. 383.

IT IS SO ORDERED.

Dated: July 16, 2008

_____
EDWARD M. CHEN
United States Magistrate Judge

3