1  Frank E. Scherkenbach (#142549)
   Kurt L. Glitzenstein (pro hac vice)
2  Elizabeth A. Brown (#193540)
   Adam J. Kessel (pro hac vice)
3  FISH & RICHARDSON P.C.
   225 Franklin Street
4  Boston, Massachusetts 02110-2804
   Telephone: (617) 542-5070
5  Facsimile: (617) 542-8906

6
   Attorneys for
7  INTERVENOR-PLAINTIFF
   BOSTON SCIENTIFIC CORPORATION
8

9
                    UNITED STATES DISTRICT COURT
10
                    NORTHERN DISTRICT OF CALIFORNIA
11
                         (SAN FRANCISCO DIVISION)
12

| | |
|---|---|
| 13  MEDTRONIC VASCULAR, INC., MEDTRONIC USA, INC., MEDTRONIC, INC., MEDTRONIC VASCULAR GALWAY, LTD., and EVYSIO MEDICAL DEVICES, ULC,<br><br>Plaintiffs,<br><br>v.<br><br>ABBOTT CARDIOVASCULAR SYSTEMS, INC., ABBOTT LABORATORIES, and ABBOTT VASCULAR, INC.,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIMS. | Case No. 06-01066-PJH (EMC)<br><br>**BOSTON SCIENTIFIC CORPORATION'S OPPOSITION TO PLAINTIFFS' MOTION TO SHORTEN TIME TO RESPOND TO REQUEST FOR LEAVE TO FILE ANSWER TO FIRST AMENDED COMPLAINT-IN-INTERVENTION AND SUPPLEMENTAL COUNTERCLAIMS I AND II**<br><br>**SUPPORTING DECLARATION OF ELIZABETH A. BROWN**<br><br>Honorable Phyllis J. Hamilton |

Plaintiffs have failed to set forth an adequate basis to shorten the time to respond to their motion for leave to add infringement claims against Intervenor-Plaintiff Boston Scientific Corporation ("BSC"). In particular, Plaintiffs have not identified any "substantial harm or prejudice that would occur if the Court did not change the time," as required by Civil L.R. 6-3(a)(3). Indeed, no harm or prejudice would occur to any party under the normal briefing schedule, although an accelerated schedule would harm BSC as explained below. Plaintiffs have also failed to comply with the requirements of Civil L. R. 6-3(a)(5) or (6). Accordingly, the Court should deny Plaintiffs' motion.

BSC moved to intervene in this case in May 2007. (D.I. 131.) BSC made clear in its intervention papers that it would begin selling the accused stent device in the United States as soon as it received regulatory approval to do so. Thus Plaintiffs have been on notice of BSC's intentions for at least fifteen months, yet never attempted to bring an infringement (or declaratory judgment) claim against BSC. On July 2, 2008, BSC and the Abbott Defendants announced that the accused device had received regulatory approval and thus would soon be available for sale in the United States. Yet Plaintiffs waited nearly a full month before seeking to assert new claims against BSC and moving for expedited briefing. Plaintiffs' lengthy delay in taking action belies their assertions of urgency.

Regardless of whether this motion is briefed and argued on an expedited schedule, Plaintiffs' proposed amended infringement counterclaims raise substantial new questions relating to damages. Every device accused of infringement in this case is manufactured by the Abbott Defendants. Some portion of those devices are sold to BSC, who markets and resells them to end-users. Plaintiffs have refused to provide any detail regarding their proposed damages claim against BSC. For example, Plaintiffs have not clarified whether they intend to seek recovery from BSC, the Abbott Defendants, or both, based on stents that were made by the Abbott Defendants and sold by BSC. In order to defend itself against these vague new claims, BSC is entitled to sufficient time to identify, retain, and educate its own damages experts, as well as to take appropriate discovery of Plaintiffs' new claims, which necessarily must be based on different theories than the claims previously asserted against the Abbott Defendants alone. BSC has explained these issues to

1  Plaintiffs, *see* Brown. Decl. ¶ 3, but Plaintiffs have been unwilling to consider any lengthening of
2  the schedule to accommodate the issues raised by their newly-asserted claims. Expediting BSC's
3  response and the hearing date on Plaintiff's motion will not change these facts or make a January
4  2009 trial date any more feasible.
5      Expediting the hearing on this motion will, however, inconvenience BSC and the Abbott
6  Defendants. BSC notes that Plaintiffs have sought expedited relief at a particularly inopportune
7  time. The parties recently filed their motions for summary judgment and are preparing responsive
8  briefs. Under Plaintiffs' proposed briefing schedule, the hearing on their motion to add
9  counterclaims would occur on the same day that the parties' responsive summary judgment briefs
10 are due. Plaintiffs should not be allowed to divert attention and resources from dispositive motions
11 for a matter that carries no particular urgency,
12     For the above-stated reasons, Plaintiffs' Motion to Shorten Time should be denied.

14 Dated: August 4, 2008                          FISH & RICHARDSON P.C.

16                                           By:  /s/ Elizabeth A. Brown
                                                    Frank E. Scherkenbach (#142549)
17                                                     Kurt L. Glitzenstein (*pro hac vice*)
                                                     Elizabeth A. Brown (#193540)
18                                                      Adam J. Kessel (*pro hac vice*)
                                                     FISH & RICHARDSON P.C.
19                                                      225 Franklin Street
                                                     Boston, Massachusetts 02110-2804
20                                                      Telephone: (617) 542-5070
                                                     Facsimile: (617) 542-8906
21
22                                  Attorneys for Boston Scientific Corporation

**SUPPORTING DECLARATION OF ELIZABETH A. BROWN**

1. I am an attorney licensed to practice before this Court and all courts of the State of California, a Principal of Fish & Richardson P.C., and counsel for BSC in the above-captioned action. I submit this declaration in support of Boston Scientific Corporation's Opposition to Plaintiffs' Motion to Shorten Time to Respond to Request for Leave to File Answer to First Amended Complaint-in-Intervention and Supplemental Counterclaims I and II.

2. The matters stated herein are based upon my personal knowledge, and if called as a witness, I would testify as to the following statements.

3. On August 1, 2008, I met and conferred by telephone with Jeffrey Costakos, counsel for Plaintiffs in this matter. In that conference, I explained that Plaintiffs' newly-asserted claims raised several issues relating to damages that were not previously in this case, and that BSC accordingly needed sufficient time to take discovery and retain damages experts to address those issues. Mr. Costakos informed me that Plaintiffs did not believe that any extension of the schedule in this case would be appropriate, despite these new issues.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and this declaration was executed this 4th day of August, 2008, at Boston, Massachusetts.

/s/ Elizabeth A. Brown
Elizabeth A. Brown