UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MEDTRONIC VASCULAR, INC., *et al.*,

    Plaintiffs,

v.

ABBOTT CARDIOVASCULAR SYSTEMS, INC., *et al.*,

    Defendants.
_____/

No. C-06-1066 PJH (EMC)

**ORDER DENYING DEFENDANTS' MOTION TO STRIKE PLAINTIFFS' SUPPLEMENTAL EXPERT REPORT OF DR. ROBERT EBERHART**

**(Docket No. 432)**

Currently pending before the Court is Abbott's motion to strike the supplemental report of Medtronic's expert Dr. Robert Eberhart. *See* Docket No. 432. Having considered the parties' briefs and accompanying submissions, as well as oral argument of counsel, the Court hereby **DENIES** the motion to strike. Medtronic, however, shall produce Dr. Eberhart for a second deposition (limited to four hours total) and further shall pay the reasonable costs and attorney's fees incurred by Abbott in preparing for and conducting the deposition.

## I. FACTUAL & PROCEDURAL BACKGROUND

In an order filed in February 2008, Judge Hamilton set various case management deadlines in this case, including deadlines related to expert discovery. *See* Docket No. 317 (stipulation and order). Under that order, expert reports on which a party bears the burden of proof were to be served by May 12, 2008, and expert reports on which a party does not bear the burden of proof were to be served by June 9, 2008. Expert discovery would close on July 18, 2008. *See* Docket No. 317.

Subsequently, the parties agreed to extensions on the dates for the expert reports but the close of expert discovery remained the same.

Medtronic timely served on Abbott the report prepared by its expert Dr. Eberhart. Subsequently, on July 16, 2008, Abbott deposed Dr. Eberhart. During the deposition, Abbot exposed mistakes contained in Dr. Eberhart's expert report. Expert discovery closed two days later on July 18, 2008. On July 20, 2008, Medtronic informed Abbott that it intended to supplemental the report of Dr. Eberhart. Abbott argued that any supplementation would be improper, but Medtronic proceeded with the supplemental report, which was ultimately served on Abbott on July 29, 2008, *i.e.*, eleven days after the close of expert discovery. Abbott thereafter filed the currently pending motion to strike.

## II.   DISCUSSION

A.   Duty to Supplement

Under Federal Rule of Civil Procedure 26(e)(1), a party must supplement an expert report if it "learns that in some material respect the disclosure or response is incomplete or incorrect." Fed. R. Civ. P. 26(e)(1)(A). The purpose of the rule is to prevent surprise or ambush at trial. *See Talbert v. City of Chicago*, 236 F.R.D. 415, 418 (N.D. Ill. 2006); *AMEX v. Mopex, Inc.*, 215 F.R.D. 87, 93 (S.D.N.Y. 2002); 8 Alan Wright, *et al.*, Fed. Prac. & Proc. 2d § 2048.

Case law interpreting the rule reflects that a supplemental disclosure must be exactly that -- *i.e.*, a supplement. A party may not rely on Rule 26(e)(1) as a way to remedy a deficient expert report or as a means of getting in, in effect, a brand new report. *See Talbert v. City of Chicago*, 236 F.R.D. 415, 424 (N.D. Ill. 2006) (stating the rule that supplemental reports offering completely new expert opinions "that threaten belatedly to send the case on a wholly different tack are excluded"); *Akeva LLC v. Mizuno Corp.*, 212 F.R.D. 306, 310 (M.D.N.C. 2002) (rejecting "a definition of supplementation which would essentially allow for unlimited bolstering of expert opinions"; noting that Rule 26(e) "does not cover failures of omission because the expert did an inadequate or incomplete preparation"); *Keener v. United States*, 181 F.R.D. 639, 641 (D. Mont. 1998) (rejecting supplemental report when expert did not examine, test, or review information for the original report).

2

In the instant case, Dr. Eberhart's reports do not run afoul of either problem. First, his original report is not patently inadequate. It is twenty-seven pages in length; provides details about Dr. Eberhart's methodology; and reflects Dr. Eberhart's efforts to compile data, construct model coronary stents, conduct tests on the stents, and analyze the results. The need to supplement the original report came about because, during his deposition, Abbott pointed out that there were numerical errors on which Dr. Eberhart based his findings. These errors appear to have been nothing more than honest mistakes, as even Abbott conceded at the hearing. The supplemental report merely corrects these mistakes; it does not attempt to mask inadequate preparation of the original report. Second, the supplemental report is not an attempt by Medtronic to ambush Abbott because the report merely corrects numerical errors. The supplemental report does not constitute a substantive revision of Dr. Eberhart's original report nor does it offer new opinions or conclusions. Thus, Dr. Eberhart's supplemental report is a proper supplemental disclosure under Federal Rule of Civil Procedure 26(e)(1).

B.       Timeliness of Supplemental Disclosure

Although the supplemental report is a proper supplemental disclosure, there is still an issue as to whether Medtronic timely provided the report. Under Federal Rule of Civil Procedure 26(e)(2), "[a]ny additions or changes to [the] information [in an expert report] must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due." Fed. R. Civ. P. 26(e)(2). Under Rule 26(a)(3), pretrial disclosures must be made at least thirty days before trial unless the presiding judge orders otherwise. *See* Fed. R. Civ. P. 26(a)(3)(B).

In the instant case, Judge Hamilton issued a pretrial scheduling order which set November 18, 2008, as the deadline for pretrial disclosures.[1] *See* Docket No. 317 (stipulation and order). However, as noted above, Judge Hamilton also provided in that order that expert discovery would close on July 18, 2008. *See* Docket No. 317 (stipulation and order). It is not clear whether Judge Hamilton intended the expert discovery cut-off date to establish the deadline by which expert reports

---

[1] Subsequently, on September 4, 2008, Judge Hamilton postponed the trial date to July 27, 2009. *See* Docket No. 507 (amended pretrial order). Although Judge Hamilton has modified the trial date, the original pretrial disclosures deadline of November 18, 2008 remains intact. The parties may want to seek clarity as to whether there should be new date for pretrial disclosures.

3

had to be supplemented pursuant to Rule 26(a)(1), or whether she intended the deadline for pretrial disclosures to apply to the supplementation of expert reports. If the former, then the supplemental report was untimely; if the latter, then the supplemental report was timely under Rule 26(a)(3)(B).

This Court need not resolve that question. Even if the supplemental report were untimely under Judge Hamilton's scheduling order, Medtronic could obtain relief from the scheduling order under Federal Rule of Civil Procedure 16(b)(4). *See* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."). A party has good cause to seek modification if the pretrial schedule "'cannot reasonably be met despite the diligence of the party seeking the extension.'" *Zivkovic v. Southern Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002); *see also Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) ("Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment."). In the instant case, Medtronic has adequately established good cause for the reasons discussed above -- *i.e.*, Dr. Eberhart made honest mistakes in his original report which, once exposed during the deposition, Medtronic promptly sought to remedy. Given the honest mistakes and Medtronic's diligence, a modification of the scheduling order to permit the untimely supplemental report would be proper so long as Abbott would not be prejudiced as a result. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d at 609 ("Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the [good cause] inquiry is upon the moving party's reasons for seeking the modification.").

C.  Prejudice

There is no real dispute that Abbott suffered some prejudice as a result of Medtronic's submission of the supplemental report, but that prejudice is not irreparable. The supplemental report was not provided until after Abbott had already deposed Dr. Eberhart. However, the prejudice to Abbott can be cured, especially since Dr. Eberhart did not offer any new opinions or conclusions in his supplemental report and the trial in the case will not take place until July 2009. *See* Docket No. 507 (amended pretrial order). To remedy any prejudice to Abbott, the Court shall require Medtronic to produce Dr. Eberhart for a continued deposition, to last no longer than four hours. The parties shall meet and confer to determine a mutually agreeable date for the deposition. In addition, the

Court shall require Medtronic to bear the cost of the deposition, plus Abbott's reasonable costs (including attorney's fees) of preparing for and taking this continued deposition. This mitigates the prejudice of costs incurred because of Dr. Eberhart's error. Given that the trial date is not until July 27, 2009 and the pretrial disclosure deadlines is November 18, 2008, the Court does not discern any prejudice to Abbott in terms of trial preparation. Nor was Abbott prejudiced in connection with its summary judgment filings since Dr. Eberhart's testimony was not relied on therein.

### III. CONCLUSION

For the reasons stated above, the Court denies Abbott's motion to strike Dr. Eberhart's supplemental expert report, subject to the conditions set forth herein.

This order disposes of Docket No. 432.

IT IS SO ORDERED.

Dated: October 15, 2008

_____
EDWARD M. CHEN
United States Magistrate Judge