**FOLEY & LARDNER LLP**
ONE MARITIME PLAZA, 6TH FLOOR
SAN FRANCISCO, CA 94111-3409
TEL: (415) 434-4484; FAX: (415) 434-4507
NANCY J. GEENEN, BAR NO. 135968
ngeenen@foley.com

**FOLEY & LARDNER LLP**
777 EAST WISCONSIN AVENUE, SUITE 3800
MILWAUKEE, WI 53202-5306
TEL: (414) 271-2400; FAX: (414) 297-4900
RICHARD S. FLORSHEIM, *PRO HAC VICE*
rflorsheim@foley.com

ATTORNEYS FOR PLAINTIFFS, MEDTRONIC VASCULAR, INC., MEDTRONIC USA, INC., MEDTRONIC, INC., AND MEDTRONIC VASCULAR GALWAY, LTD.

**KATTEN MUCHIN ROSENMAN LLP**
525 WEST MONROE STREET
CHICAGO, IL 60661-3693
TEL: (312) 902-5200; FAX: (312) 902-1061
TIMOTHY J. VEZEAU, *PRO HAC VICE*
timothy.vezeau@kattenlaw.com

**KEKER & VAN NEST LLP**
710 SANSOME STREET
SAN FRANCISCO, CA 94111
TEL: (415) 391-5400; FAX: (415) 397-7188
ROBERT A. VAN NEST, BAR NO. 84065
rvannest@kvn.com

ATTORNEYS FOR PLAINTIFF, EVYSIO MEDICAL DEVICES ULC

**FINNEGAN, HENDERSON, FARABOW,
 GARRETT & DUNNER, LLP**
901 NEW YORK AVENUE, N.W.
WASHINGTON, D.C. 20001
TEL: (202) 408-4000; FAX: (202) 408-4400
MICHAEL A. MORIN, *PRO HAC VICE*
michael.morin@finnegan.com

**FINNEGAN, HENDERSON, FARABOW,
 GARRETT & DUNNER, LLP**
STANFORD RESEARCH PARK, 3300 HILLVIEW AVENUE
PALO ALTO, CA 94304
TEL: (650) 849-6600; FAX: (650) 849-6666
ROBERT F. MCCAULEY III, BAR NO. 162056
robert.mccauley@finnegan.com

ATTORNEYS FOR DEFENDANTS, ABBOTT CARDIOVASCULAR SYSTEMS, INC., ABBOTT LABORATORIES, AND ABBOTT VASCULAR, INC.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| MEDTRONIC VASCULAR, INC., MEDTRONIC USA, INC., MEDTRONIC, INC., MEDTRONIC VASCULAR GALWAY, LTD., and EVYSIO MEDICAL DEVICES ULC,<br><br>Plaintiffs,<br><br>v.<br><br>ABBOTT CARDIOVASCULAR SYSTEMS, INC., ABBOTT LABORATORIES, and ABBOTT VASCULAR, INC.,<br><br>Defendants, | Case No. C-06-01066-PJH (EMC)<br><br>**STIPULATION AND [PROPOSED] ORDER SIMPLIFYING ISSUES FOR TRIAL** |

WHEREAS, the plaintiffs Medtronic Vascular, Inc., Medtronic USA, Inc., Medtronic, Inc., Medtronic Vascular Galway, Ltd., and evYsio Medical Devices ULC (collectively, "Plaintiffs") have accused Abbott Cardiovascular Systems, Inc., Abbott Laboratories, and Abbott Vascular, Inc., (collectively, "Defendants") of infringing U.S. Patent No. 6,858,037 ("the '037 patent") and U.S. Patent No. 7,094,255 ("the '255 patent") by making, using, offering for sale and selling certain existing designs of stents and stent systems under the names Vision, MiniVision, Xience V, Promus, Penta and Zeta ("the Accused Instrumentalities");

WHEREAS, certain of the claims of the '037 patent and the '255 patent include the limitation "the polygon further comprises a first wall having a concave shape and a second wall having a convex shape" ("the concave/convex limitation");

WHEREAS, on May 13, 2008, the Court entered its Order Granting Second Motion for Reconsideration ("Order"), which construed the concave/convex limitation as "the polygon having a first wall with only a single apex directed toward the interior of the polygon and a second wall, also with only a single apex, directed away from the interior of the polygon"; and

WHEREAS, in view of the Court's Order, the parties wish to simplify the litigation by removing certain claims from consideration;

1    NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and among, Plaintiffs and Defendants, as follows:

2.    1.    In view of the Court's claim construction in the Order, the Plaintiffs concede that if the Court's construction of the concave/convex limitation is correct, the Accused Instrumentalities cannot infringe literally or by equivalents claims 58-75 of the '037 patent and claims 14 and 17-25 of the '255 patent (collectively "the Withdrawn Claims"), because the Accused Instrumentalities do not meet the concave/convex limitation under that construction.  As set forth in paragraph 3, Plaintiffs reserve the right, however, to appeal the Court's claim construction in the Order in connection with any appeal of the final judgment in this case.

2.    The Defendants hereby agree not to litigate the validity or infringement of the Withdrawn Claims before or at trial in this case.

3.    The Plaintiffs expressly reserve their right to challenge the Order (and any other of the Court's claim construction rulings) on appeal; in the event the Court's construction of the concave/convex limitation is overturned or modified on appeal in a manner material to the potential infringement of those claims by the Accused Instrumentalities, the parties agree that the Plaintiffs may pursue the Withdrawn Claims in any remand of this action.  The parties further agree that the Defendants may pursue a challenge to the validity, enforceability and/or infringement of the Withdrawn Claims if Plaintiffs ever assert those claims against Defendants or any customers, distributors, employees, successors, agents, or licensees thereof.

4.    Plaintiffs covenant not to sue the Defendants, or any customers, distributors, employees, successors, agents, or licensees thereof, for infringement of the Withdrawn Claims, as construed in the Order, by the Accused Instrumentalities.  However, this covenant will terminate and be of no effect if the claim construction in the Order is modified on appeal in a manner that is material to the potential infringement of the Withdrawn Claims.

5.    Preserving their rights to assert claims of infringement as to the non-Withdrawn Claims, and also as to the Withdrawn Claims subject to Paragraphs 3 and 4, the Plaintiffs hereby dismiss with prejudice their claim that the Defendants' alleged infringement of the '037 and '255 patents was _willful_.  Plaintiffs further covenant not to assert a claim that any alleged infringement of

either the '037 patent or the '255 patent was willful against Defendants or any customers, distributors, employees, successors, agents, or licensees thereof in the future based on the manufacture, use, sale, offer for sale or importation of the Accused Instrumentalities except to the extent that such manufacture, use, sale, offer for sale or importation occurs after a jury or court determines that one or more claims of the '037 or '255 patents has been infringed by Abbott and that any such claim has not been proved to be invalid.

6. The Defendants have not agreed to produce any opinion of counsel they may have received relating to the infringement, validity or enforceability of the '037 patent or the '255 patent; the Defendants (including anyone testifying on their behalf) shall not be entitled at trial to introduce or refer to any opinion or advice of counsel they may have received concerning the infringement, validity or enforceability of the '037 patent or the '255 patent.

7. The day following Defendants' execution of this agreement, Plaintiffs will identify to Defendants not more than twelve (12) claims from the '037 and/or the '255 patents that may be asserted at trial. Thereafter, within 5 court days after the Court rules upon the pending motions for reconsideration of the Court's rulings on summary judgment motions as to liability issues, the Plaintiffs will identify to Defendants not more than eight (8) (of the aforementioned twelve (12)) claims from the '037 and/or the '255 patents that will be asserted at trial ("the Selected Claims"). After the identification of the Selected Claims as set forth herein:

(a) Except as set forth in Paragraph 3 above, the parties will not litigate the validity or infringement of any of the claims of the '037 patent or the '255 patent in this action, other than the Selected Claims.

(b) Except as set forth in Paragraph 3 above, the Plaintiffs hereby covenant not to assert any claims of the '037 or the '255 patents other than the Selected Claims in this or any other litigation against the Defendants or any of the Defendants' customers, distributors, employees, successors, agents, or licensees based on the manufacture, use, sale, offer for sale or importation of the Accused Instrumentalities. For the avoidance of all doubt, Plaintiffs expressly reserve their rights to assert any claims of the '037 and / or the '255 patents against Defendants or any of the Defendants' customers, distributors, successors, agent, or licensees based on the manufacture, use,

sale, offer for sale or importation of any other product, or any modified version of the design of the Accused Instrumentalities which substantively modifies or removes any element or limitation required by the Selected Claims. In the event that any claims other than the Selected Claims are ever asserted against the Defendants or any of the Defendants' customers, distributors, successors, agent, or licensees, such parties shall have the right to challenge validity, enforceability, and/or infringement at that time.

8. The parties make this stipulation for purposes of simplification of the issues in this case only (*see* Fed. R. Civ. P. 16(c)(2)(A)), and the parties by this stipulation make no admission as to, *inter alia*, the validity, enforceability or infringement of the '037 patent or the '255 patent, other than as expressly set forth in this stipulation.

9. This stipulation may not be offered into evidence or otherwise referred to at trial.

| | |
|---|---|
| Dated:  June 5, 2009 | **FOLEY & LARDNER LLP** |

BY: s/ Cynthia J. Franecki
     Cynthia J. Franecki

Attorneys for Plaintiffs Medtronic Vascular, Inc., Medtronic USA, Inc., Medtronic, Inc., and Medtronic Vascular Galway, Ltd.

Dated:  June 5, 2009                           **KATTEN MUCHIN ROSENMAN LLP**

BY: s/ Timothy J. Vezeau
     Timothy J. Vezeau

Attorneys for Plaintiff evYsio Medical Devices ULC

Dated:  June 5, 2009                           **FINNEGAN HENDERSON FARABOW GARRETT & DUNNER LLP**

BY: s/ Robert F. McCauley III
     Robert F. McCauley III

Attorneys for Defendants, Abbott Cardiovascular Systems, Inc., Abbott Laboratories, and Abbott Vascular, Inc.

STIPULATION SIMPLIFYING ISSUES FOR TRIAL
Case No. 06-1066-PJH (EMC)

1 | Concurrence in the filing of this document has been obtained from Timothy J. Vezeau and
2 | Cynthia J. Franecki, the signatories listed above.

Dated: June 5, 2009

**FINNEGAN HENDERSON FARABOW GARRETT & DUNNER LLP**

BY: <u>s/ Robert F. McCauley III</u>
Robert F. McCauley III

Attorneys for Defendants, Abbott Cardiovascular Systems, Inc., Abbott Laboratories, and Abbott Vascular, Inc.

**ORDER**

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATE: June 16, 2009



Phyllis J. Hamilton
United States District Judge