UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MEDTRONIC VASCULAR INC., et al.,

    Plaintiffs,

    v.

ABBOTT CARDIOVASCULAR SYSTEMS, INC., et al.,

    Defendants.
_____/

No. C 06-1066 PJH

**ORDER GRANTING MOTIONS FOR RECONSIDERATION**

Before the court are plaintiffs' and defendants' motions requesting reconsideration of the court's February 6, 2009 order granting in part and denying in part the parties' cross-motions for summary judgment. Both motions seek reconsideration of that portion of the court's decision which ruled on the parties' arguments regarding the '037 patent's validity in light of Patent No. 6,053,940 ("Wijay '940"), a prior art reference. Defendants' motion requests that the court reconsider its ruling granting plaintiffs' motion for summary judgment as to Wijay's non-anticipation of the '037 patent claims. Plaintiffs' motion, by contrast, seeks reconsideration of the court's decision holding that claim 22 of the '037 patent is anticipated by Wijay.

Preliminarily, the court agrees with both sides that plaintiffs' motion and defendants' motion are interconnected. For plaintiffs' motion correctly notes that, to the extent the court's February 6 order ruled that Wijay does not anticipate claim 1's "non-sinusoidal" limitation but does anticipate claim 22's "interposed between" limitation, the ruling was inconsistent, since claim 22 also contains the "non-sinusoidal" limitation. Correction of this error, however, depends upon the court's ruling with respect to defendants' motion for reconsideration. If, as defendants argue, the court erred in granting plaintiffs' motion for

summary judgment on the question whether Wijay anticipates claim 1 by overlooking a dispute of material fact, then the court must also find a material dispute of fact with respect to claim 22. If, however, the court is unpersuaded that its ruling as to claim 1 was in error, then consistency requires that the court also enter judgment in plaintiffs' favor as to claim 22.

Turning to defendants' motion, the gist of defendants' argument is that the court overlooked a material dispute of fact regarding Wijay's alleged disclosure of the non-sinusoidal limitation stated in the '037 patent claims. Relying on Federal Circuit precedent, defendants specifically contend that once the court acknowledged (as it did in the February 6 order) that defendants could reasonably argue that the '037 patent specification taught the existence of an alternative embodiment with "one or more bends" that in turn reads upon the non-sinusoidal flexure member covered by the patent claims, the court should have determined that there is a triable ambiguity as to whether Wijay in fact teaches the non-sinusoidal limitation covered by the claims.

Having carefully reviewed the parties' arguments, the court agrees with defendants. As the court has already noted, the '037 specification can be read to teach an alternative "one bend" embodiment of a design that may read upon the '037 patent claims' non-sinusoidal limitation. Defendants' expert has furthermore opined that Wijay teaches a "one bend" embodiment that would read on the non-sinusoidal limitation of the '037 patent claims. See Declaration of Kevin Malaney ISO MSJ ("Malaney Decl."), Ex. 3 at 60-61.[1] Thus, defendants successfully presented a disputed issue of material fact on the question whether Wijay as a whole teaches and/or discloses a non-sinusoidal flexure member. This is an issue for the trier of fact to resolve. See Med. Instrumentation & Diagnostics Corp. v.

---

[1] Plaintiffs oppose defendants' reliance on their expert – Dr. Taylor – in support of their motion for reconsideration, arguing that defendants failed to present Dr. Taylor's testimony to the court in support of their motion for summary judgment or in opposition to plaintiffs' motion, and are barred from doing so now. The court is unpersuaded by this argument, however, since it finds that Dr. Taylor's testimony was submitted and relied on by plaintiffs in their motion for summary judgment, and the issue for which his testimony is cited was the subject of cross-motions brought by both parties.

Elekta AB, 344 F.3d 1205, 1221 (Fed. Cir. 2003)("question of what a reference teaches and whether it describes every element of a claim is a question for the finder of fact"); Advanced Display Sys. v. Kent State Univ., 212 F.3d 1272, 1283 (Fed. Cir. 2000).[2]

Plaintiffs' response to this – that even inherent anticipation requires that the non-sinusoidal limitation be 'necessarily present' in the prior art reference, not just 'probably or possibly present,' as the court's prior order intimated – does not alter the court's analysis. Plaintiffs have correctly stated the law. See Cont'l Can Co. v. Monsanto Co., 948 F.2d 1264, 1269 (Fed. Cir. 1991)("Inherency, however, may not be established by probabilities or possibilities. The mere fact that certain thing may result from a given set of circumstances is not sufficient."). However, subsumed within the foregoing conclusion that there is a material dispute of fact as to whether Wijay teaches a non-sinusoidal flexure member, is the corresponding conclusion that the question of inherent anticipation – i.e., whether a non-sinusoidal element is necessarily present in the specification's alternative "one bend" embodiment – is also materially disputed. Thus, plaintiffs' argument supports, rather than undercuts, defendants' arguments for reconsideration.

Finally, to the extent that plaintiffs furthermore contend that Wijay cannot anticipate any of the '037 patent claims at any rate because it does not expressly or inherently disclose additional specific limitations that are present – but were not thoroughly argued – in the claims, the court rejects this as a basis for denying defendants' motion. While true that in order for a prior art reference to anticipate, it must expressly or inherently describe each and every limitation set forth in the patent claim(s), the question whether all relevant and asserted claim limitations are anticipated by Wijay will be decided by the trier of fact. See, e.g., Verdegaal Bros., Inc. v. Union Oil Co., 814 F.2d 628, 631 (Fed. Cir. 1987).

In sum, the court hereby GRANTS defendants' motion for reconsideration of the

---

[2] To the extent the court's prior order noted the role that the prosecution history played in the court's decision, it should be noted that the prosecution history remains a relevant factor in deciding the ultimate anticipation question. The question of anticipation itself, however, is one that should be determined by the jury, in light of the foregoing discussion.

3

court's order granting summary judgment in plaintiffs' favor on the question whether Wijay anticipates the non-sinusoidal limitation of the '037 patent claims, and hereby amends its February 6, 2009 order as follows: in lieu of granting summary judgment in plaintiffs' favor on the foregoing issue, plaintiffs' summary judgment motion is instead DENIED, as there is a material dispute of fact on the issue that must be resolved by the trier of fact. Defendants' cross-motion for summary judgment on the same issue continues to be DENIED.

Plaintiffs' motion for reconsideration of the court's order holding claim 22 of the '037 patent anticipated by Wijay is also GRANTED, as claim 22 of the '037 patent contains the same non-sinusoidal limitation as claim 1.  For the same reasons just described, therefore, the court's February 6 order is furthermore amended to reflect the fact that the question whether Wijay anticipates claim 22 must also be presented to the trier of fact.

**IT IS SO ORDERED.**

Dated:    June 22, 2009

_____
PHYLLIS J. HAMILTON
United States District Judge