**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

8   MEDTRONIC VASCULAR, INC., *et al.*,          No. C-06-1066 PJH (EMC)

9            Plaintiffs,

10         v.                                   **ORDER GRANTING IN PART AND**
                                                **DENYING IN PART DEFENDANTS'**
11   ABBOTT CARDIOVASCULAR                       **MOTION TO STRIKE PLAINTIFFS'**
     SYSTEMS, INC., *et al.*,                    **DECLARATION OF DR. DAVID KU**
12
            Defendants.                          **(Docket No. 862)**
13
     _____/
14

15

16         Currently pending before the Court is Abbott's motion to strike the declaration of

17   Medtronic's expert Dr. David Ku.  Having considered the parties' briefs and accompanying

18   submissions, as well as the oral argument of counsel and all evidence of record, for the reasons

19   stated in the record and supplemented herein, the Court hereby **GRANTS** in part and **DENIES** in

20   part Abbott's motion.

21         On June 9, 2009, Medtronic provided Abbott with a declaration from Medtronic's expert Dr.

22   Ku.  The declaration was submitted in opposition to Abbott's *Daubert* motion, challenging Dr. Ku,

23   but was also designated a supplemental expert report pursuant to Federal Rule of Civil Procedure

24   26(e).  To the extent the declaration has been submitted as a supplemental expert report, Abbott asks

25   the Court to strike the report its entirety.

26         This Court has stated in a prior order that a party may not rely on Rule 26(e) "as a way to

27   remedy a deficient expert report or as a means of getting in, in effect, a brand new report." Docket

28   No. 547 (Order at 2); Docket No. 804 (Order at 1).  A party that violates Rule 26 may be sanctioned

1  under Rule 37(c)(1).  Rule 37(c)(1) specifically states that one sanction is that of exclusion.  *See*

2  Fed. R. Civ. P. 37(c)(1)(C).  The Ninth Circuit considers the following factors when determining

3  whether a sanction under Rule 37(c)(1) is proper: (1) the public's interest in expenditure of

4  litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to [the party seeking

5  sanctions]; (4) the public policy favoring disposition of cases on their merits; [and] (5) the

6  availability of less drastic sanctions." *Wendt v. Host Intern., Inc*., 125 F.3d 806, 814 (9th Cir. 1997).

7  Here, the supplemental report was served late (*i.e.*, only a month before the final pretrial

8  conference).  Medtronic does not contend the additional information contained in the report was not

9  available when the first report was filed.  As noted at the hearing, to the extent the supplemental

10  report cites publications, patents, evidence and other material not expressly discussed in the original

11  report, it clearly constitutes a late-filed supplemental report that does not comply with Rule 26.  To

12  the extent, it merely clarifies or amplifies matters expressly referenced in the original report without

13  revising or reversing Dr. Ku's opinion, these matters more closely conform to Rule 26.

14  Conversely, those parts of the report in which Dr. Ku makes reference to patents,

15  photomicrographs, articles, conversations, and calculations that were never mentioned in his initial

16  report works a substantial prejudice to Abbott.  As discussed below and at the hearing, the Court

17  will allow a short supplemental deposition of Dr. Ku, but to permit the supplemental report to

18  include all the newly cited extrinsic evidence would vastly expand the scope and length of such a

19  deposition.  On the other hand, the prejudice is markedly less with respect to the portions of the

20  report where Dr. Ku discusses the Goodall, Peacock, Sheth, Tominaga, and Berry articles.  Because

21  these articles were previously cited and are used generally in the same context as they were in his

22  initial report, cross-examination of Dr. Ku at a supplemental deposition can be easily contained.

23  The Court concludes that it is proper to strike those parts of the supplemental report that

24  make reference to the patents, photomicrographs, articles, conversations, and calculations that were

25  not mentioned in Dr. Ku's initial report.  The Court, however, shall not strike those parts of the

26  supplemental report that refer to the five articles identified above.  As noted above, there is less

27  prejudice to Abbott with respect to these references, and the prejudice may be cured by a lesser

28  sanction.  To remedy any prejudice to Abbott, the Court shall require Medtronic to produce Dr. Ku

1    for a continued deposition to last no longer than three hours.  In addition, Medtronic will bear the

2    costs of the deposition, excluding attorney's fees.

3           Accordingly, for the foregoing reasons, the Court grants in part and denies in part Abbott's

4    motion to strike the declaration of Dr. Ku.  The Court does not express any opinion as to what effect

5    this ruling may have on the trial testimony of Dr. Ku; that is a decision for the presiding judge, not

6    this Court.

7           This order disposes of Docket No.  862.

8

9    Dated:  July 13, 2009

10

11                                                     EDWARD M. CHEN
                                                       United States Magistrate Judge

**United States District Court**

For the Northern District of California

3