UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MEDTRONIC VASCULAR INC., et al.,

    Plaintiffs,

    v.

ABBOTT CARDIOVASCULAR SYSTEMS, INC., et al.,

    Defendants.
_____/

No. C 06-1066 PJH

**FINAL PRETRIAL ORDER**

Pursuant to Rule 16(e) of the Federal Rules of Civil Procedure, this final pretrial order is hereby entered and shall control the course of the trial unless modified by a subsequent order. The joint pretrial statement of the parties is incorporated herein except as modified by the court's ruling on the pretrial motions and objections.

I. <u>MOTIONS IN LIMINE</u>

**Plaintiffs:**

1) Motion to exclude references to the Lau litigation is GRANTED in part and DENIED in part. The motion is granted insofar as defendants may not reference the outcome, findings, or results of the Lau litigation or a factual description of the Lau litigation. To the extent, however, that defendants seek to introduce underlying evidence from the Lau litigation, the motion is denied, provided that the evidence is relevant and probative to an issue in the case.

2) Motion to exclude evidence of foreign litigation and/or administrative proceedings is GRANTED in part and DENIED in part. To the extent defendants seek to introduce evidence of the outcome, findings, or results of the foreign litigation and/or proceedings, the evidence is irrelevant and excluded. Underlying evidence from the foreign litigation and/or

proceedings, however, may be admissible if relevant and sufficiently probative.

3) Motion to exclude evidence of defendants' later-issued patents is GRANTED.

4) Motion to preclude introduction of evidence or issues already resolved in connection with summary judgment proceedings is GRANTED.

5) Motion to preclude admission of expert testimony not already disclosed in expert reports or depositions is GRANTED in part and DENIED in part. Generally, the parties may not introduce expert testimony at trial that was not previously disclosed to the opposing party via expert report or deposition, and the motion is granted to this extent. However, with respect to the admissibility of defense expert Dr. Taylor's testimony, the motion is denied. While Dr. Taylor may not testify as to opinions not already disclosed in his expert report(s) or deposition(s), defendants are permitted to produce Dr. Taylor for an additional two hour deposition to be taken prior to the start of trial, and Dr. Taylor will be permitted to testify at trial as to any further opinions disclosed by Dr. Taylor at such deposition.

6) Motion to exclude evidence or argument that Evysio drafted claims in order to cover defendants' products is DENIED.

7) Motion to exclude evidence or argument related to plaintiffs' alleged inequitable conduct is GRANTED. However, to the extent that defendants seek to introduce evidence going to inequitable conduct that is also relevant to an issue that will be before the jury (e.g., invalidity), it may be admissible.

8) Motion to exclude the IsoStent litigation testimony of Dr. Gary S. Roubin is DENIED. To the extent such evidence is admitted at trial, plaintiffs may counter-designate deposition or trial testimony in response thereto.

9) Motion to exclude evidence of prior bad acts by George Shukov is DENIED as such evidence may be admissible for impeachment purposes.

10) Motion to exclude evidence related to various stent designs developed by Brian Brown, Timothy Limon, Dan Cox, and Matthew Birdsall, is DENIED, as

the evidence may be relevant to contemporaneous invention going to the level of ordinary skill in the art, or secondary considerations of obviousness. In the event such evidence is introduced at trial, however, appropriate limiting instructions shall be given if requested.

11) Motion to exclude certain statements made by Mr. Richard Bauer in unrelated reexamination proceedings regarding the Fischell '817 patent is GRANTED.

12) Motion to preclude defendants from arguing that plaintiffs must demonstrate that demand for the patented invention is driven by the patented feature of the product (as opposed to demand for the patented product itself) as part of plaintiffs' lost profits claim is GRANTED.

13) Motion to exclude evidence of any Guidant/Cordis settlement agreement is DENIED.

14) Motion to preclude defendants from arguing that certain longitudinals with multiple sinusoidal cycles are in fact "non-sinusoidal" is DENIED.

**Defendants:**

1) Motion to exclude evidence of IsoStent verdict or rulings is GRANTED. Underlying evidence from the IsoStent litigation is admissible, however, if relevant and sufficiently probative.

2) Motion to exclude evidence of Penn/Ricci notes, CAD drawings, and certain prototypes, for purposes of proving a particular date of conception or reduction to practice of the claimed invention, is DENIED. To the extent such evidence is offered for admission at trial, however, such evidence must be properly authenticated.

3) Motion to exclude evidence of the "26_4" design or any derived prototypes as evidence of a reduction to practice of one or more of the asserted claims is DENIED.

4) Motion to exclude evidence of recently produced prototype stents or photographs of them (identified as EVY111638-39) is GRANTED.

5) Motion to exclude the testimony of plaintiffs' purported patent law experts, Nancy Linck and James Carmichael, is GRANTED in part and DENIED in part. Specifically, Mr. Carmichael's testimony is not admissible for purposes of the jury trial, although the court may permit it on the inequitable conduct issues at the bench trial subsequent to the jury trial. Plaintiffs may, however, introduce Dr. Linck's testimony at trial, but only as to issues related to the actual prosecution history of the specific patents in suit.

6) Motion to exclude evidence of certain business negotiations and communications between Guidant, Boston Scientific Corporation ("BSC"), Evysio, Biocompatibles, and/or Evysio, is GRANTED in part and DENIED in part. Specifically:

   a. Motion to exclude evidence that defendants' predecessor Guidant entered into a confidentiality agreement with Evysio in 2001 and discussed a potential license to an unrelated patent is GRANTED.

   b. Motion to exclude evidence that BSC and Evysio entered into a non-disclosure agreement in 2003-04 about an unrelated business transaction is GRANTED.

   c. Motion to exclude evidence that Biocompatibles and DivYsio entered into an agreement in 1996 granting Biocompatibles a license to DivYsio stent technology is DENIED.

7) Motion to preclude plaintiffs from asserting a date earlier than March 5, 1997 for claims 43, 48 and/or 52 of the '037 patent is GRANTED.

8) Motion to preclude plaintiffs from arguing any definition of U-shaped that contradicts plaintiffs' response to Request for Admission No. 290 is DENIED as MOOT, in light of plaintiffs' agreement at the pretrial conference that plaintiffs will not elicit testimony that a certain illustrated shape depicted in Israel '303 is not U-shaped.

9) Motion to exclude any expert opinions regarding patentable distinctions over the prior art that were not previously disclosed is GRANTED.

## II. DAUBERT MOTION

Defendants' Motion to Exclude Testimony of David Ku is DENIED.

## III. MOTIONS TO SEAL

All administrative motions to seal filed in connection with the parties' pretrial filings are DENIED.

## IV. ORDER OF TRIAL PRESENTATION

Defendants' request to present their case first at trial, in view of the parties' agreement that infringement is no longer an issue to be tried in the case, is DENIED. Although invalidity is now the primary non-damages issue to be decided at trial, the last-minute nature of defendants' request renders any departure from the traditional order of trial presentation unduly burdensome for plaintiffs who will be permitted to present their damages case first. Any stipulation the parties reach about infringement, must be submitted no later than **July 17, 2009**, along with any corresponding jury instruction the parties deem appropriate.

## V. WITNESSES

No additional witnesses may be added to the witness lists of either party.

## VI. EXHIBITS

The parties shall stipulate to the admissibility of exhibits, where possible. Any objections to the admissibility of any exhibits shall, to the extent possible, be resolved on a daily basis, either before the start of or after the completion of that day's trial testimony. All exhibits used at trial will be made public, with the possible exception of certain limited documents for which sealing has been granted in the past.

In addition, the parties shall meet and confer about the process to be used to facilitate the use of exhibits by the court and the jury, utilizing the same audio-visual service if possible. All necessary equipment is to be provided by the parties. The parties shall submit a proposed order permitting the bringing of electronic equipment into the courtroom at least 24 hours in advance of trial.

## VII. DISCOVERY EXCERPTS

If depositions are used in lieu of personal appearances by witnesses, and providing the requisite showing has been made, counsel shall re-enact the deposition rather than simply read it into the record. Deposition transcripts will not be given to the jury to read. Video taped depositions may be presented to the jury. The parties must provide the necessary equipment.

## VIII. PATENT TERMS

The parties must provide the court with a list of court construed patent terms, as well as a list of agreed upon patent constructions, in addition to a glossary of standard patent terms. If the parties cannot agree on a glossary of patent terms, the court will unilaterally designate an appropriate glossary for use by the jury. Twelve copies of the foregoing information shall be submitted to the court no later than **July 17, 2009**.

## IX. VOIR DIRE

The parties may submit a revised jury questionnaire containing no more than 40 questions no later than **July 17, 2009.** In the absence of a suitable questionnaire, the court will incorporate appropriate questions from the proposed questionnaire into its own voir dire of the panel.

## X. JURY INSTRUCTIONS

The parties are responsible for case-specific jury instructions, as well as their own limiting instructions. The parties must jointly submit, no later than **July 17, 2009**, a revised joint set of jury instructions. The court will resolve no more than 10 disputed jury instructions. If the parties cannot agree on joint instructions, the court will utilize the Northern District patent jury instructions, supplemented by the ABA model jury instructions, without modification.

## XI. VERDICT FORMS

A revised verdict form must be submitted by **July 17, 2009**. However, if the parties intend to jointly submit a verdict form, the parties may have until one day before the start of trial in which to submit such form.

XII. TRIAL SCHEDULE AND TIME LIMITS

Trial will take place over 10 days on Monday, Tuesday, Thursday and Friday, from 8:30 a.m to 1:30 p.m.  Each side will be permitted 18 hours trial time excluding jury selection, opening statements and closing arguments.

**IT IS SO ORDERED**.

Dated:  July 14, 2009

PHYLLIS J. HAMILTON
United States District Judge