UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MEDTRONIC VASCULAR INC., et al.,

Plaintiffs,

v.

ABBOTT CARDIOVASCULAR SYSTEMS, INC., et al.,

Defendants.

_______________________________________/

No. C 06-1066 PJH

**ORDER DENYING MOTION FOR LEAVE TO SEEK RECONSIDERATION OR TO PRECLUDE DEFENDANTS FROM OFFERING INCONSISTENT ARGUMENT OR TESTIMONY**

The court is in receipt of plaintiffs' motion for leave to file a motion for reconsideration of the court's ruling on plaintiffs' motion in limine no. 14, or in the alternative, to preclude defendants from offering argument or testimony inconsistent with that ruling. The court has also reviewed defendants' response thereto, and plaintiffs' reply in support of their request.

Preliminarily, the court is unable to ascertain with any degree of certainty the ultimate relief that each party requests by way of their competing filings. The tit for tat nature of the parties' arguments is distracting, and the inclusion of broad-based arguments that appear to touch upon larger issues than the court's ruling on plaintiffs' motion in limine, leaves the court wholly unable to determine whether plaintiffs' request is truly limited to the relief requested, or whether it is meant to expose larger and more problematic issues with respect to the presentation of trial issues to the trier of fact. The parties, for example, raise a dispute over whether infringement now remains an issue to be tried in the case. The court cannot tell whether that issue is independently viable, or whether it is raised solely in the event the court grants plaintiffs' motion for reconsideration. Regardless, the court is

United States District Court
For the Northern District of California

unlikely to hold defendants to any unilateral stipulation conceding infringement issues. A unilateral stipulation does not evidence the meeting of the minds that the court would require before deeming an issue such as infringement out of the case. The court would, however, find it wholly improper to allow defendants to raise new “non-infringement” contentions at this late state of the game, to the extent this issue, too, has been raised.

Even putting aside these fundamental issues regarding infringement, the primary problem with plaintiffs’ request is that the parties appear to view it as a vehicle through which to argue for the very first time substantive arguments that should have been raised on claim construction or summary judgment. Plaintiffs, for example, appear to be seeking a construction of the claim term “sinusoidal” under the guise of seeking reversal of the court’s evidentiary ruling regarding arguments as to non-sinusoidal limitations. Having so argued, plaintiffs then advance arguments as to whether certain prior art and other illustrations read upon those heretofore un-construed claim limitations i.e., a classic summary judgment argument. This is wholly improper. In addition, the last minute, frenetic nature of the parties’ arguments also leaves the court wholly unprepared, and with insufficient time, to understand the broader impact of these arguments upon the overall trial. In short, the court is flummoxed, not only by the last minute nature of the parties filings, but also as to the underlying implications of the parties’ arguments, and the true relief being sought. As such, the court finds itself unable to accurately determine, based on the ambiguity of the actual issues presented, whether relief in plaintiffs’ favor is appropriate.

Indeed, on the surface, plaintiffs’ motion appears to present a straightforward issue. As plaintiffs note in their reply brief, for example, their request seeks to bar defendants from arguing “that a flexure member that is in a sinusoidal form – such as the two S’s in a row in certain Fischell drawings – is non-sinusoidal. Nothing more, nothing less.” See Pl. Reply Br. at 2:2-5. Under this understanding of the argument, the motion should be denied. Defendants, after all, are entitled to present argument as to whether a given prior art or other illustration reads upon the “non-sinusoidal” claim limitation as construed by the court

United States District Court
For the Northern District of California

during claim construction, and it is well-settled that the jury is entitled to resolve the issue. However, in view of the ambiguities and other deficiencies noted above, the court finds itself completely unprepared by the parties to conclusively resolve the parties' broader arguments with respect to plaintiffs' narrower request. Accordingly, plaintiffs' request for leave to seek reconsideration is DENIED.

If, as the court surmises, the parties in actuality seek to litigate broader issues than what plaintiffs' narrow request would seem to support – e.g., the scope of any infringement case to be tried, the proper construction for additional claim terms not previously raised before the court, whether certain prior art illustrations read upon claim terms as properly construed by the court – then the appropriate forum to resolve those issues is likely to be additional substantive motion practice, not last minute filings before the court on the eve of trial. In addition, should this prove to be the case, it is inevitable that any trial date will have to be continued, and that the earliest available trial date is likely to be no sooner than the end of 2010.

The parties are hereby ORDERED to appear for a further case management conference to be held on Friday, July 24, 2009 at 10:00 a.m., in Courtroom 5, 17th Floor, Federal Building, 450 Golden Gate Avenue, San Francisco, California.

**IT IS SO ORDERED.**

Dated: July 17, 2009

PHYLLIS J. HAMILTON
United States District Judge